892 F.2d 784
 Richard YUSOV; Miriam Yusov, individuals, and as husband
and wife, Plaintiffs-Counter-Defendants-Appellants,
v.
Frank M. YUSUF, Defendant-Counter-Claimant-Appellee.
 No. 87-6485.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 13, 1989.
Decided Dec. 19, 1989.
 
 Kenneth M. Hagen, Fullerton, Cal., for plaintiffs-counter-defendants-appellants.
 William E. McCormick and Suran Daroosh, Los Angeles, Cal., for defendant-counter-claimant-appellee.
 Appeal from the United States District Court for the Central District of California.
 Before WALLACE, CANBY and TROTT, Circuit Judges.
 CANBY, Circuit Judge:
 
 
 1
 The Yusovs appeal a default judgment, for a sum in excess of $2 million, entered against them as a sanction for failure to obey the court's orders. They also appeal the denial of their motion to set aside the judgment under Rule 55(c) or 60(b), the failure of the court to enforce a stipulation vacating the default, and the court's refusal to stay execution of the judgment and expunge abstracts of judgment from the county records.[1] Finally, the Yusovs challenge certain discovery rulings of the district court, and the related award of attorneys' fees as a sanction.
 
 
 2
 The district court's jurisdiction was based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). We have jurisdiction of the appeal under 28 U.S.C. § 1291. We affirm the decision of the district court.[2]
 
 PROCEEDINGS BELOW
 
 3
 Richard and Miriam Yusov filed this action against Richard's brother, Frank Yusuf, to recover unpaid wages, dissolve an alleged partnership between the two brothers, and enforce their rights to benefits under a pension plan. Frank Yusuf filed a counterclaim against the Yusovs for the wrongful taking and misappropriation of both real and personal property of Frank Yusuf and his affiliated corporations. This appeal involves only the counterclaim and the conduct of the litigation, not the merits of the suit, because a default judgment was entered on the counterclaim as a sanction for the continuous failure of the plaintiffs to obey court orders and follow court procedures.
 
 
 4
 The list of inexcusable conduct by the Yusovs and their attorney is a long one, and begins with the scheduling of depositions. Frank Yusuf noticed the depositions of both Richard and Miriam Yusov for March 31st and April 1st, 1986, in Los Angeles, California. Hagen, counsel for the Yusovs throughout this case and on appeal, called Yusuf's counsel to tell him that Richard would not be able to travel from Connecticut to California because of an eye injury. Yusuf then filed a motion to compel the attendance of the Yusovs and further to compel an independent medical examination of Richard Yusov in Connecticut to determine whether he could travel to Los Angeles for his deposition. The magistrate ordered that Richard Yusov submit to the medical examination, and that Miriam appear for her deposition in Los Angeles on August 7, 1986. The court further ordered that if the medical examination determined Richard could not travel, his deposition would be taken in Connecticut. If it was determined that he could travel, he had to report for his deposition on August 5, 1986, at 9 a.m., in Los Angeles. The doctor subsequently determined that Richard Yusov was able to travel to Los Angeles.
 
 
 5
 At approximately 8:45 a.m. on August 5, 1986, Hagen contacted Yusuf's attorneys and left a message that Richard Yusov would not appear on that day but would instead appear on August 6, 1986, for his deposition. The court reporter, who was already present, was dismissed.
 
 
 6
 The depositions were subsequently held beginning August 6th. At the depositions, both Richard and Miriam Yusov refused to answer several questions. Counsel for Yusuf invoked the procedure of local rule 7.15.1 to resolve this discovery problem.[3] Although counsel for Yusuf contacted Hagen to meet about the discovery issues, Hagen refused to cooperate, forcing Yusuf to file an affidavit of noncooperation with his motion to compel discovery.
 
 
 7
 Hagen's opposition to Yusuf's discovery motion was filed late. The magistrate refused to consider it, found that the Yusovs had failed to comply with Rule 7.15.1, and granted Yusuf's motion to compel discovery. The magistrate ordered the Yusovs to appear for their continued deposition on January 13, 1987, and pay Yusuf's attorneys' fees as a sanction. After appealing the magistrate's discovery order to the district court, Hagen failed to attend the hearing or give adequate notice of his claimed inability to attend. The district court ordered the continued depositions of Richard and Miriam Yusov to be held March 18th and 19th, 1987, and ordered sanctions against the Yusovs and Hagen, jointly and severally, in the sum of $3,880, to be paid within thirty days.
 
 
 8
 Hagen and Richard and Miriam Yusov failed to attend the scheduled depositions, and gave no prior notice of why they did not attend. They also made no efforts to reschedule these depositions. As a a result, Yusuf filed a motion to strike the answer of the Yusovs to the counterclaim and to enter default against them. A hearing on this motion was set for April 20, 1987. Hagen, who planned to be out of the country on that date, filed a petition for an enlargement of time. The court granted his request, and continued the hearing until May 18, 1987. The order also provided that any opposition to the motion to strike the answer should be filed and served by May 4, 1987. The court notified Hagen's office, by telephone, that his request had been granted. Hagen failed to file a timely opposition to the motion, and the court struck the answer and entered default against Richard and Miriam Yusov.
 
 
 9
 The parties entered into a stipulation to vacate the order striking the answer and entering default against the Yusovs on the counterclaim. The district court did not approve this stipulation, and ordered Yusuf promptly to file for a judgment on the default or his counterclaim would be dismissed.
 
 
 10
 Yusuf then filed a motion for default judgment, with a memorandum of points and authorities and declarations in support of his motion. A hearing was scheduled for July 27, 1987. No opposition papers were filed, and Hagen and the Yusovs did not appear at the hearing. After making certain that the Yusovs had proper notice of the hearing, the district court entered a default judgment against them, giving title to several real properties to Yusuf, and providing for damages in the sum of $2,035,387.90.
 
 
 11
 The Yusovs subsequently filed a motion to set aside the default judgment under federal rules 55(c) and 60(b), which the court denied after holding a hearing. The Yusovs also filed, ex parte, an application for stay of execution of judgment, and an application for an order expunging all abstracts of judgment issued by the court, which the court also denied.
 
 DISCUSSION
 A. Default Judgment as a Sanction
 
 12
 This court reviews the imposition of sanctions for an abuse of discretion. North American Watch v. Princess Ermine Jewels, 786 F.2d 1447, 1450 (9th Cir.1986). We cannot say that the trial court abused its discretion in this case. The Yusovs and their attorney consistently and willfully failed to obey court orders and follow the rules of procedure, resulting in great delay. A previous sanction of $3,880 in attorneys' fees had been ignored. The district court has an obligation to manage its docket, and may use sanctions against a party when necessary. The court found that no sanction short of striking the answer and entering default was sufficient. The default against the Yusovs, although harsh, was not an abuse of discretion under the egregious facts of this case.
 
 
 13
 B. Denial of Motion to Set Aside Judgment under Rule 60(b)
 
 
 14
 We review the denial of a motion to set aside a default judgment under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure for an abuse of discretion. Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 832 (9th Cir.), cert. denied, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). Rule 55(c) provides that a default judgment may be set aside in accordance with Rule 60(b). Fed.R.Civ.P. 55(c). Rule 60(b)(1) allows a court to set aside a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1).
 
 
 15
 We agree with the district court that Hagen's conduct went well beyond lack of diligence, or carelessness. Nor were the Yusovs mere passive victims of the misdeeds. Hagen and the Yusovs intentionally and repeatedly disregarded court orders. The conduct of this litigation was inexcusable, and the district court did not abuse its discretion in denying relief to the Yusovs under Rules 55(c) and 60(b).
 
 C. Grant of Motion to Compel
 
 16
 The Yusovs challenge the magistrate's procedure in granting the motion to compel discovery. We review the magistrate's decision for an abuse of discretion. See Hatch v. Reliance Insurance Co., 758 F.2d 409, 416 (9th Cir.), cert. denied, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 555 (1985). The Yusovs contend that they were prejudiced by the magistrate's refusal to consider their opposition papers. The Yusovs failed, however, to take advantage of ample opportunities to present their case on the discovery questions. First, counsel for the Yusovs did not comply with Local Rule 7.15.1. Following this prescribed procedure would have provided him an adequate forum for presenting his arguments. Moreover, the Yusovs failed to file their opposition papers on time. Local Rule 7.9 provides that "[p]apers not timely filed by a party ... will not be considered...." The magistrate acted as required by law. There was no abuse of discretion.
 
 
 17
 D. Denial of Motion for Reconsideration and Award of Attorneys' Fees
 
 
 18
 The Yusovs appeal the district court's denial of their motion for reconsideration and the court's award of attorneys' fees as a sanction against them. Their attorney was ill and could not attend the hearing, yet the district court ruled in his absence. The Yusovs contend that this was an abuse of discretion constituting reversible error. This contention is without merit. When informed that counsel for the Yusovs could not appear at the hearing, the court decided to dispense with oral argument and decide the case on the basis of the papers submitted by each side. This action was perfectly consistent with Fed.R.Civ.P. 78 and Local Rule 7.11 ("the court may dispense with oral argument on any motion except where an oral hearing is required by statute, the Federal Rules of Civil Procedure or these Local Rules"). In light of this fact and of our previous ruling that the magistrate acted properly in granting the motion to compel, we conclude that the district court did not abuse its discretion by denying the motion for reconsideration.
 
 
 19
 The award of attorneys' fees to Yusuf as a sanction against the Yusovs for failing to comply with Local Rules 7.15.1 and 7.15.2 was well within the discretion of the district court. Local Rule 7.15.4 ("The failure of any counsel to [comply with Rules 7.15.1 and 7.15.2] ... shall result in the imposition of sanctions.").
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 These last two arguments are meritless and will be dispensed with here. The stipulation vacating the default, by its own terms, was not effective until approved by the court
 The court's refusal to stay execution of the judgment, or to expunge the abstract of judgment from the county records, was not an abuse of discretion. Recording a judgment is generally not held to be prohibited by Fed.R.Civ.P. 62(a). See 7 J. Moore & J. Lucas, Moore's Federal Practice p 62.03 n. 6 (2d ed. 1987) (and cases cited within).
 
 
 [2]
 As a preliminary matter, we instruct our clerk of court to file the Yusovs' reply brief, which was submitted in improper form twice, and subsequently filed late. We deny, however, the Yusovs' request to take judicial notice of the various pleadings and other papers submitted as their addendum. The panel bases its decision on the record made in the district court proceedings
 
 
 [3]
 Rule 7.15.1 provides that prior to filing any motion to compel discovery, counsel for the parties shall meet in person in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. United States Dist. Ct., Central Dist. Cal., Local R. 7.15.1. If counsel are unable to work out all the problems, they must file a written stipulation specifying separately and with particularity each issue that remains to be determined at the hearing. The stipulation must be set forth in one document. Local R. 7.15.2