In re Benjamin E. VANDEN BOSSCHE and Pamela Vanden Bossche, Debtors.

Benjamin E. VAN BOSSCHE (Sic) aka Benjamin E. Vanden Bossche and Pamela Vanden Bossche, Plaintiffs and Appellees,

v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant and Appellant.

No. C–90–2704 WHO.
Bankruptcy No. 3–89–01391 TC.
Adv. No. 3–89–0362–LK.

United States District Court,
N.D. California.

March 12, 1991.

Matthew Shier, Poppin & Shier, San Francisco, Cal., for plaintiffs and appellees.

Frank W. Preston, J. Michael Pisias, Jr. Law Offices, Merle C. Meyers, Katherine D. Ray, Goldberg, Stinnett & MacDonald, San Francisco, Cal., for defendant and appellant.

## OPINION AND ORDER

ORRICK, District Judge.

In this bankruptcy appeal, appellant, Hartford Accident and Indemnity Company ("Hartford"), challenges the United States Bankruptcy Court's order extinguishing a judgment lien Hartford recorded on certain residential real property owned by appellees, Benjamin and Pamela Vanden Bossche (the "Vanden Bossches"). Having considered the pleadings and oral argument of counsel, the Court, for the reasons discussed below, reverses the bankruptcy court's decision and orders that Hartford's judgment lien be reinstated.

### I.

The Vanden Bossches owned a corporation that undertook to fabricate and install the exterior concrete walls on an office building being constructed in Santa Rosa. Hartford provided performance and payment bonds for the project. The Vanden Bossches personally guaranteed performance of the contract and agreed to act as indemnitor for their corporation. After the Vanden Bossches' corporation defaulted on the construction project, the owner of the project brought suit on the payment bond against Hartford, which in turn filed a cross-complaint for indemnity against the Vanden Bossches.

On April 20, 1989, the United States District Court for the Eastern District of California granted summary judgment in favor of Hartford against the Vanden Bossches in the amount of $904,640.93. Four days later, on April 24, Hartford recorded an abstract of judgment in San Mateo County, imposing a judgment lien on the Vanden Bossches' mansion in Hillsborough. On April 28, the Vanden Bossches petitioned for bankruptcy.

On August 10, 1989, the Vanden Bossches initiated an adversary proceeding in the bankruptcy court seeking to avoid the judgment lien. On November 13, 1989, they moved for summary judgment contending that the lien was invalid because it was filed within the ten-day automatic stay period of Federal Rule of Civil Procedure 62(a). On February 6, 1990, the bankruptcy court granted summary judgment in favor of the Vanden Bossches and invalidated Hartford's judgment lien. On June 5, 1990, the bankruptcy court denied Hartford's motion to vacate and amend its summary judgment order. Hartford filed a notice of appeal on June 11, 1990. The appeal initially was assigned to the Ninth Circuit Bankruptcy Appellate Panel but, when Hartford objected to this assignment, the matter was transferred to this Court pursuant to General Order No. 24 of the Judicial Council of the Ninth Circuit.

The issue presented in this appeal is whether the Bankruptcy Court erred in in-

validating the judgment lien purportedly created by Hartford. Resolution of this issue requires the Court to decide two subissues: Can a judgment creditor properly record an abstract of judgment before expiration of the automatic ten-day stay imposed by Federal Rule of Civil Procedure 62(a) and, if so, does recordation of the abstract of judgment create a valid judgment lien under applicable California law?

For the reasons discussed below, the Court answers both of these questions in the affirmative and finds that the bankruptcy court erred in invalidating the judgment lien.

## II.

■ The Court first notes that, because it is in the posture of an appellate court in this matter, it must consider the bankruptcy court's grant of summary judgment *de novo*, and not for an abuse of discretion. *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir.1986).

## A.

■ As noted above, the first question the Court must decide on this appeal is whether a judgment creditor properly may record an abstract of judgment during the time in which the ten-day automatic stay is in effect.

Rule 62(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry." The question then is whether recording an abstract of judgment is a proceeding taken to enforce a judgment. Hartford contends that it is not, while the Vanden Bossches contend, and the bankruptcy court found, that it is.

This Court, however, agrees with Hartford and finds that recording an abstract of judgment is not a proceeding to enforce a judgment.

The view that Rule 62(a) does not prohibit the recordation of an abstract of judgment during the ten days after its entry has received both judicial and academic acceptance. In *Yusov v. Yusuf*, 892 F.2d 784, 785 n. 1 (9th Cir.1989), the court noted that "[r]ecording a judgment is generally not held to be prohibited by Fed.R.Civ.P. 62(a)." [1] Additionally, Professor Moore states in his treatise on federal practice that "[t]he stay prevents execution *but does not prevent recording* of the judgment for purposes of preserving a lien...." J. Moore & J. Lucas, 7 Moore's Federal Practice ¶ 62.03, at 62–12 n. 6 (2d ed. 1987) (emphasis added). This view makes sense when viewed in light of the underlying purpose of the automatic stay.

The purpose of the stay provision is to give a party time to prepare for an appeal or to determine what other course of action to take, while at the same time prohibiting the victorious party from racing out and executing the judgment on property owned by the loser. *See id.* ¶ 62.03. As Hartford correctly points out, a judgment lien does not deprive the judgment debtor of his property, it only establishes a priority of rights in the property subject to the lien. Only after execution or foreclosure proceedings does the property change hands. Therefore, because the act of recording a judgment does not have the effect of transferring any interest in property, allowing a party to record an abstract would be consistent with the purpose of Rule 62(a).

The Vanden Bossches purport to rely on *In re Professional Air Traffic Controllers, Etc.*, 18 B.R. 894 (Bkrtcy.D.D.C.1982) ("PATCO"), to support their contention

1. The Vanden Bossches contend that this statement in *Yusov* is merely dicta. The Court disagrees. In summarizing the appellants' argument, the court in *Yusov* noted that the appellants contended that the district court erred in its "refusal to stay execution of the judgment and expunge abstracts of judgment from the county records." *Yusov,* 892 F.2d at 785. The court disposed of these contentions in footnote 1, stating that "[t]hese last two arguments are meritless and will be dispensed with here." The court then held that refusing to expunge the abstract of judgment was not an abuse of discretion since recording a judgment is generally not held to be prohibited by Rule 62(a). Thus, the court's holding cannot be considered dicta in light of the fact that the district court's refusal to expunge the abstract of judgment was one of the points being appealed.

that Rule 62(a) prohibits the filing of an abstract of judgment. In *PATCO,* the bankruptcy court ordered that three judgments registered during the automatic stay as well as the accompanying writs of attachment also secured during the stay period, be quashed as violative of Rule 62(a). *Id.* at 904.

But despite the fact that *PATCO* supports the Vanden Bossches' position, the Court does not consider it persuasive in light of the fact that its conclusion goes against the grain of judicial and academic thought on this issue. *See, Yusov v. Yusuf,* 892 F.2d 784 (recording a judgment is generally not held to be prohibited by Rule 62(a)); *Anastos v. M.J.D.M. Truck Rentals, Inc.,* 521 F.2d 1301 (7th Cir.1975) (Rule 62(a) does not prevent recording of the judgment); J. Moore, *supra* p. 5, ¶ 62.03, at 62–12 n. 6 (the stay prevents execution but does not prevent recording of the judgment for purposes of preserving a lien).

The Vanden Bossches also argue that because the act of creating a judgment lien is an important vehicle to enforcing a judgment, it should be considered a proceeding taken to enforce a judgment as proscribed by Rule 62(a). While neither party provides any authority as to what constitutes a proceeding to enforce a judgment, the Court views the term as encompassing more than merely creating a lien on property. Rather, the Court interprets the term as involving affirmative action taken to convert the judgment into money, such as commencing foreclosure proceedings or seeking a judicial writ of attachment. Therefore, the Court, adopting the view taken by Professor Moore and the court in *Yusov,* finds that Rule 62(a) does not prohibit the filing of an abstract of judgment during the period in which the automatic stay is in effect.

#### B.

■ The next question the Court must decide is whether filing the abstract of

judgment created a valid judgment lien under California law. The Court finds that Hartford did create a valid judgment lien when it recorded the abstract of judgment.

Under Section 697.060(a) [2] of the California Code of Civil Procedure, an abstract of judgment obtained in federal court that is enforceable in California may be recorded to create a judgment lien. The Vanden Bossches contend that because Rule 62(a) prohibits a judgment creditor from enforcing the judgment until expiration of the ten-day automatic stay, the judgment is not considered enforceable in California until expiration of the ten-day stay. Thus, goes the Vanden Bossches' argument, an argument accepted by the bankruptcy court below, the judgment lien was not validly created under Section 697.060(a).

While neither party has provided any authority as to the proper meaning of the phrase "enforceable in this state," the Vanden Bossches' proffered definition is unpersuasive. Not all judgments obtained in federal courts are inherently enforceable in California. For example, a money judgment obtained in a district court located outside the state is not enforceable unless and until the judgment has been registered pursuant to 28 United States Code § 1963. Thus, it appears to the Court that the phrase "enforceable in this state" refers to whether the appropriate procedural steps have been taken, and not to when the judgment may be enforced.

Support for this position is found in a treatise on the enforcement of judgments co-authored by Judge Alan M. Ahart of the United States Bankruptcy Court for the Central District of California. In this treatise, the authors state that "[a] judgment lien may be created to enforce a federal money judgment by recording an abstract (or certified copy) of the judgment, provided the judgment is enforceable in California—*i.e., has been entered or registered in a California federal district court.*" R. Schwartz & A. Ahart, *Cal.Prac. Guide:*

---

**2.** Section 697.060(a) of the California Code of Civil Procedure provides:

An abstract or certified copy of a money judgment of a court of the United States that is

enforceable in this state may be recorded to create a judgment lien on real property pursuant to Article 2 (commencing with Section 697.310).

*Enforcing Judgments & Debts* (TRG 1990), ¶ 6:174 at 6B-4 (emphasis added).

Furthermore, if a valid judgment lien could not be created on judgments obtained in federal court until expiration of the ten-day stay, state court judgments, on which liens can be created anytime[3], would be given preferential treatment over federal judgments.

As an illustration, assume that a party obtains a judgment against a defendant in federal court on January 1. Then, on January 9, a different party obtains a judgment against the same defendant in state court and immediately races out and records the judgment, thus creating a valid lien. Meanwhile, under the view adopted by the bankruptcy court, the party who obtained the judgment in federal court must sit and wait until the expiration of the ten-day stay on January 11 before recording his judgment. The state court judgment creditor would then be entitled to preference over the judgment debtor's property even though the party who obtained the judgment in federal court did so first.

This preferential treatment runs afoul of a federal statute mandating that a federal judgment "rendered by a district court within a State shall be a lien on the property located in such State in the same manner, to the same extent and under the same conditions as a judgment of a court of general jurisdiction in such State...." 28 U.S.C. § 1962.

Therefore, in order to assure that both state and federal judgments are treated equally, the Court finds that recording an abstract of a judgment obtained in federal court, even if recorded during the ten-day automatic stay period, does create a valid judgment lien under applicable California law.

Accordingly,

IT IS HEREBY ORDERED that the judgment of the bankruptcy court is re-

versed, and Hartford's judgment lien is reinstated.

---

**3.** Under Section 697.040(b) of the California Code of Civil Procedure, unless a court orders otherwise, a stay of enforcement does not prevent the creation of a judgment lien.