962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Clyde WOOD, Plaintiff-Appellant,
v.
Neil GOLDSCHMIDT, Governor of Oregon; DAVE FROHNMAYER, Atty
Gen'l, Oregon Attorney General; FRED PIERCE, Director of
the Oregon Department of Corrections; MANFRED MAASS,
Superintendent of OSP; VARGO, Chief Medical Officer of OSP,
Defendants-Appellees.
 Nos. 91-35344, 91-35748.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Clyde Wood, an Oregon state prisoner, appeals pro se the district court's May 7, 1991 summary judgment in favor of Oregon prison officials in his 42 U.S.C. § 1983 action. Wood challenges medical care he received and various conditions of his confinement and seeks equitable relief in the form of a declaratory judgment instructing the defendants "to uphold his most fundamental rights."
 
 
 3
 Wood filed his notice of appeal in this court on May 20, 1991, and accordingly, his appeal is timely. See Fed.R.App.P. 4(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We affirm in part and reverse and remand in part.
 
 
 4
 We affirm the district court's summary judgment on all claims but the secondary smoke claim for the reasons set forth in the district court's thorough and well-reasoned orders of February 5, 1991 and March 7, 1991.
 
 
 5
 Wood contends that he is compelled to share a forty-four square foot cell with an inmate who smokes. He also asserts that this causes a great health risk to him. The district court dismissed this claim, holding that "second-hand smoke is not an actionable condition" and citing out-of-circuit authority.
 
 
 6
 This court has held that a prisoner's compelled exposure to secondary tobacco smoke may constitute cruel and unusual punishment if it is at such levels and under such circumstances as to pose an unreasonable risk of harm to the prisoner's health. McKinney v. Anderson, 924 F.2d 1500, 1507-09 (9th Cir.), vacated and remanded, 112 S.Ct. 1291 (1991) (vacated and remanded for reconsideration in light of Wilson v. Seiter, 111 S.Ct. 2321 (1991)), reinstated, No. 89-16589, order (9th Cir. Mar. 27, 1992). In Wilson v. Seiter, the Supreme Court held that to state an eighth amendment claim of cruel and unusual punishment, a prisoner must demonstrate that the prison officials were deliberately indifferent to the allegedly unconstitutional prison conditions. 111 S.Ct. at 2326: accord McKinney, No. 89-16589, order (9th Cir. Mar. 27, 1992)
 
 
 7
 Wood states an eighth amendment claim for injunctive relief regarding his exposure to secondary tobacco smoke, and he is entitled to present evidence regarding the level and degree of his exposure. See McKinney, 924 F.2d at 1507-09. Accordingly, we remand to the district court so that it may consider Wood's claim in light of our decision in McKinney.
 
 
 8
 Wood also contends that the district court erred by denying his two motions to compel discovery. This contention is meritless.
 
 
 9
 The district court denied the first motion based on Wood's failure to file a certificate as required by Local Rule 230-2, which provides in pertinent part that the district court will deny any motion to compel unless counsel for both parties have conferred on all disputed issues and the moving party certifies in the motion to compel that he has complied with the local rule. Because Wood did not comply with Local Rule 230-2, the district court did not abuse its discretion by denying his motion to compel. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989).
 
 
 10
 The district court also denied Wood's second motion to compel answers to thirty-three interrogatories. Under Local Rule 230-1(a), a party may not serve more than twenty interrogatories unless otherwise permitted by the court or by stipulation. Moreover, the interrogatories were not addressed to particular defendants and were "broad, general" requests in violation of Local Rule 230-1(b). Under these circumstances, the district court did not abuse its discretion by denying Wood's second motion to compel. See id.
 
 
 11
 Finally, we affirm the district court's denial of Wood's motion to transfer his case to the district court in Omaha, Nebraska based on the alleged bias of Judge Jones. Wood's allegations do not establish extrajudicial bias or prejudice warranting disqualification. See Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987).
 
 
 12
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3