967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard W. ROSKOSKI and Mona Roskoski, Plaintiffs-Appellants,
v.
Martin J. BROOKS, Jeanette Brooks, Phoenix International
Corporation, and Does I-X, Defendants-Appellees.
 No. 91-15362.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 16, 1992.*
Decided June 4, 1992.
 
 Before SCHROEDER, LEAVY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard and Mona Roskoski appeal from the district court's refusal to set aside an order dismissing with prejudice their civil RICO action, stemming from the Roskoskis' failure to comply with the provisions of a local rule.[1] We affirm.
 
 
 3
 The gist of the appellants' challenge to the district court's dismissal of their action is that the lower court abused its discretion by failing to consider lesser penalties before imposing the ultimate sanction of dismissal. Implicit in their argument is the notion that the dismissal--ostensibly for the Roskoskis' noncompliance with a local rule--was in reality a discovery sanction. This is incorrect. Judge Thompson explicitly dismissed their action solely because the appellants had ignored Local Rule 140-6, which states, in relevant part, that "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of that motion."
 
 
 4
 District courts have the power to enact local rules not inconsistent with the Federal Rules of Civil Procedure, see Fed.R.Civ.P. 83, and enjoy a broad discretion in interpreting and applying those local rules. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983). Inherent in that authority is the recognition that a litigant's failure to comply with a local rule can justify the dismissal of his claim. Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986). Where, as here, a local rule permits the court to deem a party's failure to respond to a motion as constituting that party's consent to a ruling on that motion, the nonresponding party cannot later complain about the correctness of that ruling "when, by [his] own actions, [he] already ha[s] consented to that adverse ruling." Hughes v. United States, 953 F.2d 531, 541 (9th Cir.1992) (citing Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989)). The district court did not err by ruling as it did.
 
 
 5
 We find the appellants' challenge to the district court's denial of their motion to reconsider equally meritless. The Roskoskis argued therein that the illness of a family member "and material witness to this case" constituted excusable neglect for their failure to comply with the dictates of Rule 140-6. The district court rejected this argument, stating:
 
 
 6
 Nothing in the presentation made constitutes evidence of inadvertence, mistake or excusable neglect. On the contrary, the record shows inexcusable inattention to and neglect of this federal court action while counsel was otherwise engaged, in part in pursuance of a state court action involving the same subject matter.
 
 
 7
 ER Exh. 19. On this record, we find no abuse of discretion in the court's ruling.
 
 
 8
 AFFIRMED. The appellees' motion to reconsider the order submitting this case on the briefs is DENIED as moot, and their request for fees and costs on appeal is DENIED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is not clear whether the appellants challenge the merits of the underlying dismissal or merely the denial of their motion to reconsider. Because their notice of appeal was timely as to both, however, we will discuss both arguments. Cf. Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir.1992) (because plaintiff's notice of appeal was timely, both as to underlying judgment and motion to reconsider, appeal was deemed to be from merits of judgment and not merely from motion to reconsider)