967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Redmond Mark KELLY, and as guardian ad litem for minor
Melissa Kelly; Jill Kelly; Amanda Kelly,
Plaintiffs-Appellants,
v.
CHINO INVESTMENTS, et al., Defendant-Appellee.
 Nos. 90-56318, 91-55568.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Redmond, Jill, Amanda, and Melissa Kelly appeal pro se the district court's dismissal of their action pursuant to Local Rule 7.9 for failure to file a substantive opposition to defendants' motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. The Kellys alleged breach of contract, fraud and misrepresentation, breach of the covenant of quiet enjoyment, breach of warranty of habitability, retaliatory eviction, civil rights violations, and intentional and negligent infliction of emotional distress in connection with their rental of an apartment from defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291 and vacate and remand.
 
 
 3
 We review the district court's dismissal pursuant to its Local Rules for abuse of discretion. Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989). District courts have broad discretion in interpreting and applying their Local Rules. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983).
 
 
 4
 Here, defendants timely filed their motion to dismiss on June 14, 1990.[1] The Kellys timely filed their opposition to defendants' motion on July 23, 1990.[2] In their opposition, the Kellys argued that the motion to dismiss was not timely filed and therefore the defendants were in default. The Kellys did not address the substantive merits of the motion to dismiss.
 
 
 5
 The magistrate recommended that the action be dismissed with prejudice pursuant to Local Rule 7.9 because the Kellys had not filed a substantive opposition to the motion to dismiss. The Kellys objected to the magistrate's report and recommendation, reiterating their arguments regarding timeliness of the motion to dismiss. They also argued that dismissal of their action with prejudice was extremely harsh and requested that they be given the opportunity to file a substantive response to the motion to dismiss. The district court adopted the magistrate's report and recommendation and dismissed the action with prejudice pursuant to Local Rule 7.9.
 
 Local Rule 7.9 provides:
 
 6
 Papers not timely filed by a party including any memoranda or other papers required to be filed under this rule will not be considered and may be deemed by the Court consent to the granting or denial of the motion, as the case may be.
 
 
 7
 U.S.Dist.Ct., Cent.Dist.Cal, Local R. 7.9. It is undisputed that the Kellys filed timely papers in opposition to the motion to dismiss. The district court dismissed the action because the Kellys did not file a substantive response to the motion. Local Rule 7.9 does not support a dismissal on this basis. See id. Thus, the district court abused its discretion by dismissing the action based on Local Rule 7.9 without ever addressing the merits of the motion to dismiss. See Yusov, 892 F.2d at 787. Accordingly, we vacate and remand to the district court for consideration of the merits of defendants' motion to dismiss.
 
 
 8
 The Kellys also appeal the district court's award of $14,897.02 in attorneys' fees to defendants as the prevailing party pursuant to a provision of the Kellys' lease. Because we vacate the district court's dismissal of the Kellys' action, defendants are no longer the prevailing party. Accordingly, we vacate the award of attorneys' fees. See Jones-Hamilton Co. v. Beazer Materials & Servs., Inc., 959 F.2d 126, 132 (9th Cir.1992).[3]
 
 
 9
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Kellys' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Kellys filed their amended complaint on May 16, 1990. Defendants were granted a two-week extension of time to file their motion to dismiss. Thus, their motion to dismiss was timely filed on June 14, 1990. See Fed.R.Civ.P. 15(a), 12(b)
 
 
 [2]
 On June 25, 1990, the district court ordered the defendants' motion stricken because it failed to comply with the Local Rules, and ordered defendants to file a motion to dismiss in conformity with the Local Rules within seven days. Defendants refiled their motion to dismiss on July 3, 1990
 
 
 [3]
 On appeal, the Kellys also challenge the district court's failure to recuse the magistrate for bias and failure to appoint counsel. We affirm the district court's rulings on both issues. The Kellys made only conclusory allegations of bias based on the magistrate's treatment of their case and failed to show any extrajudicial source of bias. See United States v. Sibla, 624 F.2d 864, 867 (9th Cir.1980). Further, the Kellys failed to show exceptional circumstances warranting appointment of counsel. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990)