5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Doreen MOSS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-17046.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1993.*
Decided Sept. 13, 1993.
 
 Appeal from the United States District Court for the District of Arizona, No. CV-92-00590-WPC; William P. Copple, District Judge, Presiding.
 D.Ariz.
 VACATED AND REMANDED.
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Taxpayer Doreen Moss appeals pro se the district court's dismissal pursuant to local rules for failure to file a responsive pleading in her action against the Internal Revenue Service (IRS), alleging that assessments of her 1983 through 1987 income taxes were illegal and that the seizure and sale of her pickup truck was improper. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 We review for abuse of discretion the district court's dismissal of an action pursuant to its local rules. Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989). District courts have broad discretion in interpreting and applying their local rules. Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir.1983). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." United States v. Warren, 601 F.2d 471, 473-74 (9th Cir.1979).
 
 
 4
 Local Rule 11(b) of the Rules of Practice for the United States District Court for the District of Arizona provides in relevant part that the party opposing a civil motion shall have ten days after the filing of the motion within which to file a responsive pleading. U.S.Dist.Ct.D.Ariz. Local R. 11(b). Local Rule 11(i) provides in relevant part that "if the opposing party does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Id. Local R. 11(i).
 
 
 5
 Here, Moss filed her action on March 30, 1992. On June 10, 1992, the IRS filed a motion to dismiss the action for failure to state a claim or in the alternative a motion for summary judgment. On July 2, 1992, Moss filed a motion to extend the time to file a response to the IRS's motion to dismiss. The district court granted Moss's motion extending the time to file a response until July 31, 1992. On July 30, 1992, Moss filed an amended complaint which raised a new allegation. On August 17, 1992, the IRS filed a reply in support of its motion to dismiss arguing that the amended complaint was not a responsive pleading within the meaning of Local Rule 11(i) and that the new allegation also failed to state a claim upon which relief could be granted.
 
 
 6
 It is undisputed that the amended complaint was filed within the time granted by the district court to respond to the motion to dismiss. Nevertheless, on August 26, 1992, the district court summarily granted the IRS's motion to dismiss Moss's action pursuant to Local Rule 11(i), apparently because Moss failed to file a substantive response to the motion. Local Rule 11(i), however, does not support a dismissal on this basis. See U.S. Dist.Ct.D.Ariz. Local R. 11(i). Thus, the district court abused its discretion by dismissing the action based on Local Rule 11(i) without ever addressing the merits of the motion to dismiss. See Yusov, 892 F.2d at 787. Accordingly, we vacate the district court's dismissal of the action and remand for consideration of the merits of the IRS's motion to dismiss.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3