17 F.3d 398
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Wayne WENTZ, Petitioner-Appellant,
v.
George DEEDS, Respondent-Appellee.
 No. 93-15791.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 22, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wayne Wentz, a Nevada state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. The district court dismissed Wentz's petition for failure to file an opposition to the respondent's motion to dismiss, pursuant to Rule 140-6 of the Rules of Practice for the United States District Court for the District of Nevada. We review the district court's dismissal pursuant to its local rules for an abuse of discretion. See Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 Local Rule 140-4 provides: "an opposing party shall have 15 days after service of the moving party's points and authorities within which to file and serve a memorandum of points and authorities in opposition to the motion." Local Rule 140-6 provides: "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."
 
 
 4
 The respondents filed their motion to dismiss on January 20, 1993. Two months later, on March 12, 1993, the district court dismissed the action under Local Rule 140-6. When the district court entered its order of dismissal, Wentz had not filed an opposition in response to the respondent's motion to dismiss. Thus, the dismissal under the local rules was not an abuse of discretion. See Local Rules 140-4, 140-6; United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979) (per curiam) (upholding comparable District of Arizona Local Rule 11(g)).[2]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 One of the grounds for dismissal of the habeas petition was petitioner's failure to exhaust his state remedies. Because the district court ruled that petitioner's failure to file an opposition to the motion to dismiss was a consent to the granting of the motion, we construe the dismissal as one without prejudice for failure to exhaust
 
 
 [2]
 In his application for a certificate of probable cause ("CPC") in the district court, filed after the judgment of dismissal, Wentz claimed that he never received the respondent's motion to dismiss. As the district court found in denying the CPC, a proper certificate of service was attached to the motion to dismiss, indicating that a copy was sent to his address