39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Emmett M. OLIVER, Plaintiff-Appellant,
v.
MINOR, Lt., Defendant-Appellee.
 No. 94-15247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 31, 1994.
 
 1
 Before: BROWNING, FARRIS, and, LEAVY Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Emmett M. Oliver, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action, pursuant to a local rule, for failure to submit an opposition to the defendant's motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and affirm.
 
 
 4
 * Background
 
 
 5
 Oliver filed this action against Lieutenant Minor, a California state prison officials, alleging that he had violated Oliver's constitutional right to access to the courts by refusing to sign proofs of service accompanying several documents and motions which Oliver sought to file in other pending lawsuits.
 
 
 6
 On June 22, 1993, Minor filed a motion to dismiss for failure to state a claim. Oliver failed to file any opposition to the motion.
 
 
 7
 On November 11, 1993, a magistrate judge filed a report, recommending that Oliver's action be dismissed for failure to file an opposition to Minor's motion to dismiss. Oliver had 30 days in which to file an objection to the magistrate judge's report and recommendation. The district court record does not indicate that Minor filed any objection, although on appeal, Oliver contends he did file one.
 
 
 8
 On January 4, 1994, the district court adopted the magistrate judge's report and recommendation and dismissed the appeal.
 
 II
 Analysis
 
 9
 We review a district court's dismissal of an action pursuant to its local rules for an abuse of discretion. Yusov v. Yusuf, 892 F.2d 784, 787 (9th Cir.1989).
 
 
 10
 Under the Local Rule 230(m) for the United States District Court for the Eastern District of California, a non-moving party's failure to file a timely opposition to a motion may be deemed consent to granting the motion. See E.D.Cal.Local R. 230(m).[1]
 
 
 11
 The district court may grant a motion on this basis only if the granting of the motion does not violate the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 83 (allowing district courts to establish local rules which "are not inconsistent with" the Federal Rules of Civil Procedure); Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir.1993) (a district court abuses its discretion under the local rules if it grants a motion for summary judgment based on the non-moving party's failure to oppose where the moving papers are insufficient to support the motion).
 
 
 12
 Thus, our inquiry must focus on whether Minor's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was adequately supported. See Henry, 983 F.2d at 949-50.
 
 
 13
 A district court may properly dismiss a complaint that fails to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). Dismissal of an action for failure to state a claim is appropriate only if "it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.) (quotations omitted), cert. denied, 113 S.Ct. 599 (1992), and cert. denied, 113 S.Ct. 600 (1992). The allegations in a pro se complaint are construed liberally. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam). Moreover, before dismissing the complaint, the district court must give the pro se litigant notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 14
 Oliver's cause of action is based on Minor's refusal to sign one or more proofs of service for various motions. This does not state a claim for denial of access to the courts. Rule 5 of the Federal Rules of Civil Procedure does not prohibit parties to the action from serving and signing their own proofs of service. See Fed.R.Civ.P. 5.[2] Thus, Minor's refusal to sign Oliver's proofs of service could not have resulted in Oliver being denied access to the courts. See id.; Faile v. Upjohn Co., 988 F.2d 985 (9th Cir.1993) ("an incarcerated pro se litigant completes 'service' under Fed.R.Civ.P. 5(b) upon submission [of his or her documents] to prison authorities for forwarding to the party to be served"). Accordingly, the district court's dismissal was not an abuse of discretion because Oliver's complaint failed to state a claim and because it could not be cured by amendment. See Henry, 983 F.2d at 949-50; Noll, 809 F.2d at 1448; Buckey, 968 F.2d at 794.[3]
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Local Rule 230(m) provides in part that "[f]ailure of the responding party to file written opposition ... may be deemed a waiver of any opposition to the granting of the motion...." See E.D.Cal.Local R. 230(m)
 
 
 [2]
 Only the summons and complaint are required to be served by a person who is not a party. See Fed.R.Civ.P. 4(c)(2)
 
 
 [3]
 It is well-settled that prisoners have a constitutional right of access to the courts. See Bounds v. Smith, 430 U.S. 817, 821 (1977). Under Bounds, access to the courts requires that prisoners have access to a law library or to legal assistance. Id. at 828. If the claim involves access to law library or to legal assistance, no actual injury is required. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). If, however, the claim does not involve these core requirements, then the prisoner must show actual injury. Id
 Here, Oliver's complaint failed to allege any actual injury nor does it involve a claim of denial of access to law library or to legal assistance. Accordingly, it is insufficient to state a claim based on denial of access to the courts. See id.