983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tracy VOIGT, Plaintiff-Appellant,
v.
CALIFORNIA FRANCHISE TAX BOARD; Commissioner of Internal
Revenue Service, U.S. Attorney's Office for the Central
District of California; Attorney General of the United
States of America, et al., Defendants-Appellees.
 No. 92-55599.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 13, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tracy Voigt appeals pro se the district court's dismissal of her action against the California Tax Board, the United States Attorney's Office, the Commissioner of Internal Revenue, and the United States Attorney General (collectively, "Government") for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal of an action for failure to state a claim upon which relief may be granted, Swift v. Lewis, 901 F.2d 730, 732 (9th Cir.1990), and we affirm.
 
 
 3
 * Merits
 
 
 4
 We base our review of a district court's dismissal of an action for failure to state a claim "on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). We will affirm a dismissal of an action for failure to state a claim only if "it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992), and cert. denied, 113 S.Ct. 600 (1992). We view a pro se litigant's allegations under a less stringent standard. Grimes v. Commissioner, 806 F.2d 1451, 1453 (9th Cir.1986).
 
 
 5
 Here, Voigt filed her pro se complaint against the Government on March 30, 1992. On April 8, 1992, the district court sua sponte dismissed Voigt's action, finding it to be "an indecipherable jumble of accusations unsupported by facts or any type of narrative from which the Court might glean a cognizable claim." Our review reveals that Voigt's complaint was incoherent and failed to present any legal theory that would support a claim for relief. Thus, the district court did not err by dismissing Voigt's action. See Buckey, 968 F.2d at 794; Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990) ("lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory" is sufficient basis for dismissal).
 
 II
 Sanctions
 
 6
 The Government requests sanctions against Voigt for bringing this appeal. We have discretion to impose sanctions against litigants, even those appearing pro se, for bringing frivolous appeals. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). In exercise of our discretion, we decline to impose sanctions.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Voigt's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3