996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark ST. GEORGE, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH COMPANY; United States of
America; Central Intelligence Agency; The
Federal Bureau of Investigation,
Defendants-Appellees.
 No. 92-56287.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 29, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark St. George appeals pro se the district court's dismissal of his action against defendants American Telephone and Telegraph Company (AT & T), the Central Intelligence Agency (CIA), the Federal Bureau of Investigation (FBI), the United States, and Does 1-20, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]
 
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). We accept all allegations of material fact as true and construe the complaint "in the light most favorable to the nonmoving party." Id. at 794. A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Id. (quotation omitted).
 
 
 4
 We construe pro se civil rights complaints liberally. Id. A court should not dismiss a pro se complaint for failure to state a claim without explaining the complaint's deficiencies to the plaintiff and giving him an opportunity to amend the complaint. Sands v. Lewis, 886 F.2d 1166, 1172 (9th Cir.1989). Nevertheless, a pro se litigant must supply the essential elements of the claim. Buckey, 968 F.2d at 794. Vague and conclusory allegations will not withstand a motion to dismiss. Id.
 
 
 5
 Here, St. George is the author and publisher of "The Hibachi Papers," which St. George describes as a "humorous work[ ] of fiction satirizing and lampooning political and other public figures." St. George brought this action against defendants on May 7, 1992. He alleged AT & T conspired with the CIA, the FBI and the United States to intercept St. George's mail, to harass him over the telephone, and to intermittently deprive St. George of Readyline 800 telephone service in order to prevent him from successfully marketing his book. St. George alleged this conspiracy violated his First and Fifth Amendment rights. Specifically, St. George alleged defendants conspired to "block" his 800 service from Louisiana in August 1988 during the Republican National Convention, from North Carolina in July 1989, from Illinois, Texas and New York in August 1989, and from Colorado, Texas, Illinois, New York, Michigan, Arizona, Washington, Tennessee, Florida and California between May and July of 1990. St. George alleged that the latter deprivation coincided with a visit to the United States by Mikhail Gorbachev, former president of the Soviet Union. In addition, St. George alleged AT & T perpetrated fraud against him by intentionally depriving him of a service for which he had paid, which AT & T had falsely promised him, and which AT & T knew or should have known he was relying on. St. George sought monetary damages, declaratory and injunctive relief, and demanded a jury trial.
 
 
 6
 On June 8, 1992, AT & T filed a motion to dismiss St. George's action for failure to state a claim for relief. On July 9, 1992, after a hearing on the motion, the district court granted AT & T's motion and dismissed the complaint without prejudice. The court granted St. George leave to amend and replead the complaint within thirty days.[2]
 
 
 7
 St. George filed an amended complaint on July 31, 1992. The amended complaint was almost identical to the original complaint except that St. George added detail to the original allegations. On August 10, 1992, AT & T and the United States each filed a motion to dismiss the amended complaint for failure to state a claim. On September 9, 1992, after a hearing on the motion, the court dismissed St. George's complaint with prejudice. St. George timely appeals. On appeal, St. George contends his amended complaint was sufficiently well pleaded to withstand defendants' motions to dismiss the complaint. This contention lacks merit.
 
 Conspiracy Claim
 
 8
 In order to survive a motion to dismiss an action for failure to state a claim pursuant to Rule 12(b)(6), a plaintiff alleging a conspiracy must allege specific facts to support the existence of the alleged conspiracy. Buckey, 968 F.2d at 794.
 
 
 9
 In his complaint, St. George alleged: "Defendant AT & T, upon request from governmental agencies of defendant United States of America, routinely consents to telephonic surveillance of AT & T users" and "routinely conducts 'blocking' or other interruption of telephonic service of AT & T users." Apart from that statement, St. George failed to allege any fact which would demonstrate that AT & T conspired with the CIA, the FBI, and the United States to cut off his telephone service and intercept his mail for the purpose of depriving him of book sales. Such conclusory allegations will not withstand a Rule 12(b)(6) motion. See id.
 
 Fraud Claim
 
 10
 Under Rule 9(b), a plaintiff alleging fraud must plead the facts of the alleged fraud with particularity. Fed.R.Civ.P. 9(b); Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir.1989). A complaint that describes the alleged fraud in enough detail that a defendant can prepare a sufficient answer is adequate under Rule 9(b). Moore, 885 F.2d at 540. "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." Id.
 
 
 11
 In his complaint, St. George charged: "On or about May 1990, and for indeterminate periods prior thereto, defendant AT & T, individually and in conjunction with DOES 1 through 10, with knowledge that its promise to provide daily 800 Readyline service was false, intentionally 'blocked' or otherwise interrupted Plaintiff's intrastate and interstate 800 telephone service." St. George failed to allege with specificity any facts which would support his allegation that AT & T perpetrated fraud upon him by intentionally depriving him of 800 service. See id. Because St. George alleges nothing to support this allegation, the district court properly dismissed it. See Buckey, 968 F.2d at 794.
 
 
 12
 Accordingly, the district court properly dismissed St. George's amended complaint because St. George failed to state a claim either for conspiracy or for fraud even after the court instructed him regarding what he needed to plead, referred him to the relevant rules, and granted him leave to amend his complaint. See Sands, 886 F.2d at 1172.[3]
 
 Sanctions
 
 13
 AT & T seeks sanctions on appeal pursuant to Fed.R.Civ.P. 38. We have discretion to award defendants costs and attorneys' fees on appeal if the plaintiff has brought a frivolous appeal. McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir.1987). An appeal is frivolous if "the result is obvious and the arguments on appeal wholly lack merit." Id. An appeal without merit, however, is not necessarily frivolous. Id. Here, although we affirm the district court's opinion and find St. George's arguments lack merit, we decline to award defendants fees.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny St. George's motion to file a late brief in reply to defendant-appellee AT & T's brief
 
 
 [2]
 The court instructed St. George: "There is a rule of court that requires a plaintiff such as yourself to come forth with some minimal showing that there are facts that would allow someone in good faith to bring this case, and pure conjecture and speculation, as liberal as the pleading rules are, doesn't carry the day. And while discovery might allow you to develop your case if there is evidence out there, you have to make some minimal showing."
 
 
 [3]
 Because St. George failed to state a claim against AT & T on conspiracy or fraud grounds, he failed to demonstrate that he faces a real and immediate threat of future injury from AT & T. Accordingly, the district court properly did not address St. George's claim for equitable relief. See Smith v. City of Fontana, 818 F.2d 1411, 1421 (9th Cir.) (quotations omitted), cert. denied, 484 U.S. 935 (1987)