the government held a sincere belief Chen possessed information material to the ongoing investigation, information which the government was willing to bargain to get.

 Chen also contends that his perjury prosecution was improper because the government anticipated he would commit perjury in testifying before the grand jury because he had lied to the government investigators in the informal interviews. We reject this argument. Here, while the government may have anticipated Chen would give false testimony before the grand jury, it is also apparent the government "recognized that [Chen] ... might provide information about the pending investigation." *Caputo*, 633 F.Supp. 1479, 1487 (E.D.Pa.1986). Indeed, the government had reason to expect that Chen would testify truthfully once placed in the solemn atmosphere of the grand jury room.

> [F]or many witnesses the grand jury room engenders an atmosphere conducive to truthtelling, for it is likely that upon being brought before such a body of neighbors and fellow citizens, and having been placed under a solemn oath to tell the truth, many witnesses feel obliged to do just that.

*United States v. Washington*, 431 U.S. 181, 187–88, 97 S.Ct. 1814, 1818–19, 52 L.Ed.2d 238 (1977).

Accordingly, the government's actions in this case were not "beyond the pale of permissible prosecutorial conduct." *Chevoor*, 526 F.2d at 185.

## CONCLUSION

The district court did not err in rejecting Chen's proffered instruction on bad memory. The instructions, when taken as a whole, adequately covered Chen's defense theory of the case.

Chen was called before the grand jury because it was reasonable to expect that he would provide relevant information with respect to an ongoing, viable investigation. Accordingly, the government did nothing improper in calling Chen to testify.

AFFIRMED.

Michael COOPER, husband, in his own capacity and as parent of Abram and Adam Cooper, minors; Lidia Cooper, wife, in her own capacity and as parent of Abram Cooper and Adam Cooper, minors, Plaintiffs–Appellees,

v.

Clarence DUPNIK, Sheriff, Pima County; Tom Taylor, an employee of Pima County Sheriff's Department; Weaver Barkman, an employee of Pima County Sheriff's Department, Defendants–Appellants.

Michael COOPER, husband, in his own capacity and as parent of Abram and Adam Cooper, minors; Lidia Cooper, wife, in her own capacity and as parent of Abram Cooper and Adam Cooper, minors, Plaintiffs–Appellees,

v.

Clarence DUPNIK, Sheriff, Pima County, Defendant,

and

City of Tucson; Tucson Police Department; Peter Ronstadt; Karen Wright; Gene Scott; Timothy O'Sullivan; Kay McCall, Defendants–Appellants.

Nos. 88–15661, 88–15685.

United States Court of Appeals, Ninth Circuit.

May 23, 1991.

Michael P. Callahan, Deputy County Atty., Tucson, Ariz., for defendants-appellants Clarence Dupnik and Tom Taylor.

David L. Berkman, Murphy, Goering, Roberts & Holt, Tucson, Ariz., for defendant-appellant Weaver Barkman.

David F. Toone, Kimble, Gothreau & Nelson, Tucson, Ariz., for defendant-appellant Peter Ronstadt.

Stephen M. Weiss, Karp, Stoklin & Weiss, Winton D. Woods, Michael J. Bloom, Tucson, Ariz., for plaintiffs-appellees.

Before WALLACE, Chief Judge, BROWNING, HUG, TANG, SCHROEDER, FLETCHER, FARRIS, PREGERSON, ALARCON, POOLE, D.W. NELSON, CANBY, NORRIS, REINHARDT, BEEZER, HALL, WIGGINS, BRUNETTI, KOZINSKI, NOONAN, THOMPSON, O'SCANNLAIN, LEAVY, TROTT, FERNANDEZ, RYMER, and THOMAS G. NELSON, Circuit Judges.

Upon the vote of a majority of nonrecused regular active judges of this court, it is ordered that this case be reheard by the en banc court pursuant to Circuit Rule 35-3.

**Mary Hope CASIAS, Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.**

No. 90-2246.

United States Court of Appeals, Tenth Circuit.

Submitted on the Briefs.[1]

March 21, 1991.

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.