**Peggy McMartin BUCKEY, Plaintiff–Appellant,**

v.

**COUNTY OF LOS ANGELES; City of Manhattan Beach; Robert Philobosian; Children's Institute International; Wayne T. Satz; Capital Cities/ABC, Inc.; Kathleen "Kee" MacFarlane, Defendants–Appellees.**

No. 90–56333.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1991.

Decided Feb. 19, 1992.

As Amended on Denial of Rehearing and Rehearing En Banc July 1, 1992.

William H. Waysman, James H. Davis, Los Angeles, Cal., for plaintiff-appellant.

Roger H. Granbo, Deputy County Counsel, Los Angeles, Cal., Jeffrey L. Garland, Cotkin, Collins & Franscell, Santa Ana, Cal., Charles P. Diamond, O'Melveny & Meyers, Gregory J. Aldisert, Philip W. Boesch, Jr., Kinsella, Boesch, Fujikawa & Towle, Mark B. Helm, Munger, Tolles & Olson, Los Angeles, Cal., for defendants-appellees.

Before: SNEED, BEEZER, and THOMPSON, Circuit Judges.

SNEED, Circuit Judge:

Peggy McMartin Buckey, acquitted in the highly publicized McMartin Preschool child molestation case, appeals the dismissal with prejudice of her 42 U.S.C. § 1983 action against the City of Manhattan Beach, Los Angeles County, Robert Philibosian, Los Angeles County District Attorney, Children's Institute International

(CII), child abuse investigation specialists, Kathleen "Kee" MacFarlane, CII investigative social worker, television company Capital Cities/ABC, Inc., and ABC reporter Wayne T. Satz. Buckey alleges, in effect, that but for the policies and actions of the defendants, her life would not have been ruined by the McMartin Preschool prosecution. The trial court found that there was no possible theory under which Buckey's allegations could amount to a cognizable claim. We reverse and remand to allow Buckey to amend her pleadings.

## I.

### FACTS AND PROCEEDINGS BELOW

The facts, as set forth in Buckey's complaint, are as follows: Buckey co-owned and taught at the highly regarded Virginia McMartin Preschool in Manhattan Beach, California. In 1983, a person known to be paranoid and otherwise mentally ill alleged to the Manhattan Beach police that her child had been sexually molested while attending the McMartin Preschool. The police sent letters to all McMartin Preschool parents, which resulted in a wave of unfounded abuse allegations. The ensuing city and county investigation was improperly delegated to CII, with Kee MacFarlane as principal investigator. MacFarlane had no relevant academic, professional, or technical licenses or credentials. CII and MacFarlane proceeded seriously to mishandle the investigation, so as to violate established guidelines for child abuse investigation and to cause the children to fabricate testimony and fantasize experiences of abuse that had never occurred. The County, acting through Philibosian, accepted the CII investigation as basis for launching a prosecution against Buckey and others. Meanwhile, MacFarlane leaked the story to Satz at ABC, where it was disseminated to the public.

Buckey alleges that several defendants had improper motives that led them to pursue the McMartin case despite the lack of factual foundation for doing so. CII needed to unearth a scandal to save its business from bankruptcy. Philibosian needed ammunition for an upcoming election battle. Capital Cities/ABC wanted to sell a sensational story, and was willing to go beyond the bounds of responsible journalism to do so.[1] In other words, Capital Cities/ABC created rather than simply reported the news.

After her acquittal on all criminal charges, Buckey brought this action in federal district court. She alleged section 1983 violations and pendent state law claims, and sought upwards of $1 million in damages. Her complaint stated that, without limitation, she was deprived of her rights to due process, privacy, equal protection, and a fair trial contrary to the Fourteenth Amendment. The defendants moved to dismiss under Fed.R.Civ.P.Rule 12(b)(6) for failure to state a claim.[2] The trial court observed that the preliminary hearing that led to Buckey's being bound over for criminal trial had lasted 18 months. This indicated that the prosecution had probable cause for proceeding with the McMartin criminal case. The court further noted that Buckey had been acquitted, and so could not complain she had not received a fair trial. Finally, the court expressed its sympathy that Buckey was properly "very, very upset" by what had happened to her, but stated that "being very, very upset does not state a cause of action under [section] 1983." The court dismissed Buckey's section 1983 action with prejudice, denying leave to amend, and dismissed the pendent state law claims without prejudice.

## II.

### JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. A dismissal for failure

---

**1.** Buckey's complaint alleges a conspiracy among the City, County, CII, MacFarlane, Satz, and ABC to disclose the McMartin affair prior to Buckey's indictment. A romantic liaison between MacFarlane and Satz is asserted in Buckey's appellate brief, but not in her complaint.

**2.** Defendant Satz did not appear at the hearing on the motions to dismiss. By stipulation of the parties, the motions to dismiss apply with the same force and effect as to Satz as to the other defendants.

to state a claim is a ruling on a question of law and as such is reviewed de novo. *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1421 (9th Cir.1989), *cert. denied*, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990). Review is based on the contents of the complaint. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Id.* (quotation omitted). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Id.* Civil rights complaints are to be liberally construed. *Gobel v. Maricopa County*, 867 F.2d 1201, 1203 (9th Cir.1989).

### III.

### ANALYSIS

■ Buckey's vague and conclusory complaint "aims in the general direction of the federal Constitution with buckshot." *Chiplin Enter. v. City of Lebanon*, 712 F.2d 1524, 1526 (1st Cir.1983). It describes her misfortunes and the persons she believed caused them, but in no way does Buckey adequately plead injuries cognizable under section 1983. Mere negligence and self-aggrandizing motives are not actionable under section 1983. *Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666, 88 L.Ed.2d 662 (1986); *see, e.g., Johnson v. Barker*, 799 F.2d 1396, 1400 (9th Cir.1986) (alleged politically motivated prosecution did not give rise to valid § 1983 due process claim). Nor does the complaint allege specific facts to support the existence of a conspiracy among the defendants. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989). As it stands, Buckey's complaint cannot survive a motion to dismiss. The only issue we confront is whether we should remand to permit Buckey to amend her pleadings.

■ We would be justified in doing this only if there is a distinct claim cognizable in a federal court and consistent with the facts and allegations set forth in her complaint that she might plead. We believe one such claim may exist. It is that all the parties described in the complaint conspired under the color of state law to subject Buckey to the hardships and injuries which she suffered. We express no opinion on whether such a claim ethically and professionally can be filed. We only indicate that it is a possibility.

This putative claim would not be addressed to a deprivation under color of state law of procedural due process, but rather would assert that due process was unconstitutionally denied "regardless of the purity of the procedures themselves." *Mann v. City of Tucson, Dept. of Police*, 782 F.2d 790, 798 (9th Cir.1986) (Sneed, J., concurring in the result). Because the claim would not be based in procedural due process, the question of the adequacy of post-deprivation remedies, so important in section 1983 cases involving only procedural due process deprivations, would be irrelevant. *Zinermon v. Burch*, 494 U.S. 113, 125–26, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990); *Sierra Lake Reserve v. City of Rocklin*, 938 F.2d 951, 957 (9th Cir.1991).

Under the putative claim, Buckey, like the plaintiff in *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir.1985) (en banc),[3] would assert that the defendants, for their various reasons, conspired to attempt to send her to jail for child molestation, in the course of which great injury was suffered by her. The claim would not be that Buckey did not receive adequate procedural protections. Rather, as pointed out earlier, the claim would be that the procedures that ultimately established Buckey's innocence were made necessary only because of a wrongful conspiracy of entities and per-

---

**3.** The court's analysis in *Bretz* is to some extent framed in the language of procedural due process, *see id.*, and the case has been interpreted as a procedural due process case, *see, e.g., Johnson v. Barker*, 799 F.2d at 1400. However, *Bretz* was decided without the benefit of *Ziner-* *mon*'s three-prong typology of § 1983 due process claims, 494 U.S. at 125–26, 110 S.Ct. at 983, and it is most properly analyzed as a case involving the denial of equal protection or substantive due process.

sons acting under the color of state law. The focus would be on a denial of equal protection of the laws, a wrong quite familiar to those in Congress who in 1866 enacted the first civil rights act and promulgated the Fourteenth Amendment. *See, e.g.,* Cong.Globe, 39th Cong., 1st Sess. 211 (1866) (describing civil rights bill S. 61: "the inhabitants of every race and color ... shall have ... full and equal benefit of all laws *and proceedings* for the security of persons and property, and shall be subject *to like punishment, pains, and penalties, and to none other....*" (emphasis added)).

Buckey, to repeat, was afforded ample due process at the state level. She received its full benefits resulting in her acquittal. The preliminary hearing and the trial itself cannot be faulted from a procedural point of view.

■ Nor can Buckey successfully urge that she suffered injury because of so-called "defamation plus" by those acting under color of state law. *See Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Business and reputation losses alone do not constitute the "plus" that is required to transform an ordinary defamation claim into a section 1983 claim. *Cooper v. Dupnik,* 924 F.2d 1520, 1534 (9th Cir.1991), *rev'd on other grounds,* 963 F.2d 1220 (9th Cir.1992) (en banc). To state a defamation-plus claim, Buckey must join a defamation claim to a recognizable section 1983 wrong such as the denial of equal protection and substantive due process here hypothesized.

We conclude that Buckey should be given the opportunity to amend her complaint. Nothing in this opinion is intended to foreclose any claim of immunity from liability under section 1983 that can be raised by any party to the amended complaint of the appellant.

REVERSED and REMANDED.