988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
L. VALINSKY, Plaintiff-Appellant,
v.
REPUBLIC FACTORS CORP., Defendant-Appellee.
 No. 92-55021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Central District of California, No. CV-91-5527-AWT; A. Wallace Tashima, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 L. Valinsky appeals the district court's dismissal of her action against Republic Factors Corp. ("Republic") for failure to state a claim upon which relief can be granted. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal of an action pursuant to Fed.R.Civ.P. 12(b)(6). Oscar v. University Students Co-op. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992). We affirm in part, and we vacate in part and remand.
 
 
 3
 * Background
 
 
 4
 Valinsky is the assignee of the real party in interest, Melody Knitting Mill, Inc. ("Melody"). Melody and Republic entered a factoring contract under which, for a commission, Melody sold its accounts receivable to Republic, which took a recorded security interest in the accounts receivable.[1] Valinsky filed an action against Republic in the Superior Court of the State of California, County of Los Angeles. Valinsky's complaint alleged breach of contract, common counts, accounting, breach of implied covenant, negligence, and failure to provide a termination statement pursuant to Cal.Comm.Code § 404. Pursuant to 28 U.S.C. § 1441(b), Republic removed the action to the United States District Court, which had original jurisdiction under 28 U.S.C. § 1332. Following removal, Republic filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) or, in the alternative, a motion for more definite statement pursuant to Fed.R.Civ.P. 12(e). Valinsky failed to file a timely opposition to Republic's motion.
 
 
 5
 The district court found Republic's motion appropriate for submission without oral argument pursuant to Fed.R.Civ.P. 78 and C.D.Cal. Local R. 7.11. The district court deemed that Valinsky's failure to oppose constituted a consent to the granting of Republic's motion under C.D.Cal. Local R. 7.9.[2] Additionally, the district court found Republic's motion to dismiss to be meritorious and concluded that Valinsky would be unable to cure the deficiencies in her complaint. Accordingly, the district court granted the motion to dismiss without leave to amend and dismissed Valinsky's action. Valinsky timely appeals.
 
 II
 Merits
 
 6
 Valinsky contends the district court erred by granting Republic's motion to dismiss without leave to amend. This contention has merit.
 
 
 7
 We base our review of a district court's dismissal of an action for failure to state a claim "on the contents of the complaint, the allegations of which we accept as true and construe in the light most favorable to the plaintiff." Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). We will affirm a dismissal of an action for failure to state a claim only if "it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.) (quotations omitted), cert. denied, 113 S.Ct. 599 (1992), and cert. denied, 113 S.Ct. 600 (1992).
 
 
 8
 Here, Valinsky failed to file a timely opposition to the motion to dismiss. Under the local rules, such failure may be deemed a consent to an order granting the motion and the district court may grant the motion on that basis. See C.D.Cal. Local R. 7.9. Nevertheless, the district court erred by granting Republic's motion in full pursuant to the local rules because Republic's papers were insufficient to support its motion in full. See Henry v. Gill Indus., Inc., Nos. 91-15727, 91-16004, slip op. 209, 221-22 (9th Cir., Jan. 12, 1993) (court may, pursuant to local rules, grant summary judgment where nonmoving party fails to oppose the motion, but only insofar as the granting of such motion does not violate the federal rules); Fed.R.Civ.P. 12(b)(6).
 
 
 9
 Republic moved to dismiss on the grounds that: (1) Valinsky's complaint was deficient as a matter of law because it was premised on the existence of a fiduciary relationship between Republic and Melody and (2) no such fiduciary relationship existed as a matter of state law.[3] The district court concluded that "most of [Valinsky's] claims depend on the alleged existence of a fiduciary relationship." In addition, the district court ruled the negligence claim was deficient because of the absence of any duty. Because it found a fiduciary relationship did not exist as a matter of state law and because of the deficiency in the negligence claim, the district court dismissed the complaint without leave to amend.
 
 
 10
 Although a fiduciary relationship is necessary to an action for a tortious breach of the implied covenant of good faith and fair dealing, it is unnecessary to an action for breach of contract. See Mitsui Mfrs. Bank v. Superior Court, 212 Cal.App.3d 726, 731 (1989) (where there is an ordinary arms-length transaction between two parties of equal bargaining strength, ordinary contract damages are an adequate remedy; plaintiff does not state an action for tortious breach of the implied covenant of good faith and fair dealing). Valinsky's complaint properly states a claim for breach of contract under California law. See Careau & Co. v. Security Pac. Business Credit, Inc., 222 Cal.App.3d 1371, 1388 (1990) (elements of a cause of action for damages for breach of contract: (1) contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damage to plaintiff). Although the district court properly granted the motion to dismiss with respect to the claims for negligence, accounting, and breach of implied covenant, it erred by granting the motion to dismiss with respect to the contract and the Cal.Comm.Code § 404 claims. See Buckey, 968 F.2d at 794.
 
 
 11
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A factoring relationship is akin to an accounts receivable financing arrangement
 
 
 [2]
 The rule provides that "[p]apers not timely filed by a party ... will not be considered and may be deemed by the Court consent to the granting ... of the motion." C.D.Cal. Local R. 7.9
 
 
 [3]
 Republic characterized the factor relationship between Republic and Melody as a borrower-lender relationship, which, under California state law, is not a fiduciary relationship. See Careau & Co. v. Security Pac. Business Credit, Inc., 222 Cal.App.3d 1371 (1990). Nevertheless, the borrower-lender cases cited by Republic are distinguishable from this case. The cases cited by Republic involve plaintiff-borrowers who were suing defendant-lenders for, among other things, the tort of breach of the implied covenant of good faith and fair dealing. By contrast, here, Valinsky is pursuing a breach of contract action