1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John Francis PEARCE, Plaintiff-Appellant,
v.
CLARK COUNTY SHERIFF'S DEPARTMENT, et al., Defendant-Appellee.
 No. 91-36055.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1993.*
Decided July 29, 1993.
 
 Before BRUNETTI, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Pearce appeals pro se the district court's order dismissing his 42 U.S.C. Sec. 1983 action against the Clark County Sheriff's Department and others pursuant to Fed.R.Civ.P. 12(b)(6). We affirm.
 
 I.
 
 3
 Pearce's complaint arises from thefts that allegedly occurred from his home both while he was incarcerated and while restrained by court order from entering the vicinity of his home. Pearce contends the Clark County Sheriff's Department took no action on his complaints regarding the ongoing thefts and, therefore, deprived him of his rights in violation of 42 U.S.C. Sec. 1983.
 
 II.
 
 4
 We review de novo the district court's dismissal of Pearce's suit for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert denied, 113 S.Ct. 599 (1992). A complaint should not be dismissed under 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Id.,quoting Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989).
 
 
 5
 Pearce complains that the Sheriff's Department, in concert with the individually-named defendants, "combined, confederated, agreed and conspired" to deprive him of his property without due process of law. Complaint, Sept. 26, 1990, at pp. 4-6. This unlawful deprivation is the basis for his Sec. 1983 claim.
 
 
 6
 Even an intentional unauthorized deprivation of property, however, will not constitute a due process violation "if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517 (1984). Pearce has such a remedy available to him here. RCW 4.96.010, Washington's tort claims provision, provides a damages remedy to persons who have suffered from the tortious conduct of the State or its political subdivisions.[1]
 
 
 7
 Because Pearce cannot make out a due process violation as a matter of law in the company of Washington's meaningful postdeprivation remedy, he can allege no set of facts that would entitle him to relief under this theory. Accordingly, the order of the district court dismissing this cause is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 3(f)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pearce argues the state tort remedy is not "adequate," citing the $10,000 limit specified in RCW 4.92.140. That section, however, which deals with the settlement of claims against the State, plainly is not implicated here