5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Marcial NUNO, Plaintiff-Appellant,
v.
Donald CAMPBELL, Defendant-Appellee.
 No. 92-56610.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Sept. 1, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marcial Nuno appeals pro se the district court's dismissal of his civil rights action against defendant Donald Campbell pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.[1] Nuno alleged that Campbell, the EEOC officer assigned to investigate Nuno's employment discrimination complaint, failed to conduct a proper investigation. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 We review de novo the district court's dismissal of an action for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). We accept all allegations of material fact as true and construe the complaint "in the light most favorable to the nonmoving party." Id. at 794. A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [his] claim which would entitle [him] to relief." Id. (quotation omitted). Although we construe pro se civil rights complaints liberally, a pro se litigant must supply the essential elements of the claim. Id.
 
 
 4
 On July 12, 1990, Nuno initiated this action against Campbell. Nuno filed an amended complaint on April 23, 1991. He alleged that Campbell violated his right to due process under the Fourteenth Amendment pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), by failing to enforce the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000 et seq. Specifically, Nuno alleged Campbell failed to fully investigate Nuno's discrimination claim against the City of Calexico in accord with EEOC regulations. He further alleged that Campbell had added false and "non-existent" information to the EEOC's file on Nuno, and that Campbell had improperly handled the investigation of Nuno's complaint in order to benefit the City of Calexico. On August 14, 1992, Campbell filed a motion to dismiss the complaint or in the alternative for summary judgment. The court granted Campbell's motion to dismiss on November 12, 1992, on the ground that Nuno had failed to state a claim for relief. Nuno timely appeals.
 
 
 5
 Under the Fourteenth Amendment, no person may be deprived of liberty or property without due process of law. Brady v. Gebbie, 859 F.2d 1543, 1547 (9th Cir.1988), cert. denied 489 U.S. 1100 (1989). The liberty interest protected under the Fourteenth amendment includes the right "to engage in any of the common occupations of life." Hyland v. Wonder, 972 F.2d 1129, 1141 (9th Cir.1992) (quoting Board of Regents v. Roth, 408 U.S. 564, 577 (1972)), cert. denied, 61 U.S.L.W. 3771 (1993). "If, in the course of dismissing an employee, the government takes steps or makes charges that so severely stigmatize the employee that she cannot avail herself of other employment opportunities, a claim for deprivation of liberty will stand." Id.
 
 
 6
 Property interests protected under the Constitution arise from and are limited by "existing rules or understandings that stem from an independent source such as state law." Wheaton v. Webb-Petett, 931 F.2d 613, 615-16 (9th Cir.1991) (quoting Roth, 408 U.S. at 577). An agency's procedural requirements, without more, do not create constitutionally cognizable property interest. Clemente v. United States, 766 F.2d 1358, 1364 (9th Cir.1985), cert. denied, 474 U.S. 1101 (1986). Thus, a government agent's failure to follow agency regulations does not generally rise to the level of a deprivation of a constitutional right. Id.
 
 
 7
 Here, Nuno alleged in his complaint that he was informed sometime in 1987 that the Calexico, California police department was accepting applications for employment. Nuno further alleged that he was told that "he [Nuno] was the most qualified" for the position.[2] Acting on that information, Nuno allegedly submitted an application for employment on April 17, 1987. He was not hired.
 
 
 8
 On August 26, 1987, Nuno filed a complaint with the EEOC, alleging that he had not been hired because of his national origin (Mexican). Campbell, an investigator with the EEOC, was assigned to look into Nuno's complaint. According to Nuno, Campbell called him during the course of the investigation and told Nuno that his case was "not good enough." Upon Nuno's request to see Campbell's notes from the investigation, Campbell informed Nuno that he would have to request a "Notice of Right to Sue" letter before he could see the notes. Accordingly, Nuno requested and received a Notice of Right to Sue from the EEOC, prompting the EEOC to terminate the investigation of Nuno's complaint. Shortly thereafter, Nuno brought and lost an action against the City of Calexico under Title VII alleging, among other things, that Calexico had violated Nuno's civil rights by failing to rehire him in 1987.[3]
 
 
 9
 The district court correctly found Campbell did not deprive Nuno of a constitutionally protected liberty or property interest. See Buckey, 968 F.2d at 794. Nuno did not allege that Campbell was responsible either for his termination from the Calexico police department or for the department's failure to rehire him. See Hyland, 972 F.2d at 1141. Thus, Nuno did not properly allege that Campbell deprived Nuno of a liberty interest in employment. See id.
 
 
 10
 Nuno alleges he had a right to a full investigation and that Campbell failed to follow EEOC regulations when he terminated the investigation of Nuno's complaint after Nuno was issued the notice of right to sue his employer. The regulations require agents to stop any such investigation absent special circumstances not present here. See 29 C.F.R. Sec. 1601.28 (1991).[4] Nuno requested the right to sue letter that triggered termination of the investigation. Further, Campbell's failure to follow EEOC regulations would not amount to a deprivation of a constitutionally protected property interest. See Clemente, 766 F.2d at 1364.
 
 
 11
 Finally, although Nuno alleged that Campbell placed false information in the file compiled during the course of the investigation, Nuno did not establish a constitutionally protected interest in the accuracy of the information in the EEOC's file on his complaint. See Hyland, 972 F.2d at 1141.
 
 
 12
 Thus, Nuno did not state a claim that Campbell violated due process and the district court properly dismissed his action. See Buckey, 968 F.2d at 794.[5]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Nuno originally named both Campbell and the Equal Employment Opportunity Commission (EEOC) as defendants in this action, the district court dismissed the action against the EEOC with prejudice on March 15, 1991. Nuno does not appeal that order
 
 
 [2]
 Nuno apparently worked for the Calexico Police Department from 1983 until 1985, when he was terminated
 
 
 [3]
 The district court in that action granted summary judgment for defendant. We affirmed the district court's decision. See Nuno v. Calexico, No. 91-55396 (November 3, 1992) (unpublished memorandum decision), cert. denied, 61 U.S.L.W. 3772 (1993)
 
 
 [4]
 Section 1601.28 provides: "Issuance of a notice of right to sue shall terminate further proceeding of any charge not a Commissioner charge unless [one of various EEOC officials] determines at that time or at a later time that it would effectuate the purpose of title VII or the ADA to further process the charge." 29 C.F.R. Sec. 1601.28
 
 
 [5]
 Nuno also contends on appeal that the district court erred by failing to enter default against Campbell for failing to answer his complaint within sixty days of the time the action was filed in accord with Fed.R.Civ.P. 12(a). The record indicates, however, that Nuno failed to properly serve Campbell with his amended complaint in accord with Fed.R.Civ.P. 4(d). Accordingly, the district court properly did not find Campbell in default. See Fed.R.Civ.P. 4(d)