10 F.3d 808
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lloyd E. HARTFORD, Plaintiff-Appellant,
v.
Larry DUNKLE, individually and as agent, Branch Manager and
Supervisor of Globe Life and Accident, a Montana
corporation Defendant
and
Globe Life and Accident, a Montana corporation Defendant-Appellee.
 No. 92-35183.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1993.*
Decided Nov. 23, 1993.
 
 Before: TANG, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Dunkle, a branch manager at the Globe Life and Accident ("Globe") Billings office, recruited and trained sales agents. In 1985, Dunkle was sued by three of the sales agents for a variety of reasons, including wrongful conversion of sales commissions, fraud, negligent infliction of emotional distress, sexual assault and harassment. Dunkle retained appellant Lloyd Hartford to represent him in these cases.
 
 
 3
 Hartford claimed approximately $60,000 in unpaid attorney's fees. Hartford sued Dunkle, Globe, and United States Fidelity & Guaranty ("USFG"), Globe's insurer, for payment of the attorney's fees. Hartford alleged that Dunkle had "failed and refused to pay his debt" to Hartford, that USFG, as the insurer of Globe, was required but refused to defend Dunkle in the suits arising out of the course and scope of his employment with Globe, and that as a result of Globe's and USFG's "wrongful and willful refusal and failure to defend" Dunkle, Globe and USFG had been unjustly enriched. Hartford and Dunkle stipulated to the entry of judgment against Dunkle, and USFG was dismissed by stipulation that USFG's motion for summary judgment was meritorious.
 
 
 4
 The district court granted Globe's motion to dismiss. The court held that Hartford could not recover against Globe on a contract theory because (1) there was no privity between Hartford and Globe and (2) there is not an implied promise to pay an attorney whom one has not employed because of incidental benefits received. This is not appealed. The district court also rejected Hartford's claim for equitable subrogation to Dunkle's right to indemnification for legal expenses. This is the sole issue on appeal.
 
 DISCUSSION
 
 5
 A dismissal for failure to state a claim is reviewed de novo. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655, 656 (1992). Review is limited to the contents of the complaint. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 6
 To be entitled to subrogation, Hartford must establish that Dunkle has a right to indemnification from Globe. Hartford argues that under Mont.Code Ann. Sec. 39-2-701,[1] Dunkle is entitled to indemnification because the lawsuits against Dunkle resulted from his actions "during the course and scope of his employment with Globe."
 
 
 7
 Globe correctly contends that the amended complaint fails allege facts sufficient to state a claim for indemnification. While the complaint alleges the lawsuits brought against Dunkle were in his capacity as an employee of Globe and arose out of the course and scope of his employment, the complaint does not allege (and neither Hartford's opposition to the motion to dismiss or his appeal brief argue) that Dunkle's legal expenses were in "direct consequence of the discharge of his duties as such or of his obedience to the directions of the employer." (Emphasis added).
 
 
 8
 Further, Sec. 39-2-701 does not provide indemnification for expenses incurred in defending allegations of conduct which an employee knew was unlawful. The intentional acts alleged against Dunkle (conversion, fraud, sexual harassment and assault) are all acts which Dunkle would have known were unlawful.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 39-2-701 states:
 (1) An employer must indemnify his employee, except as prescribed in subsection (2) of this section, for all that he necessarily expends or loses in direct consequence of the discharge of his duties as such or of his obedience to the directions of the employer, even though unlawful, unless the employee at the time of obeying such directions believed them to be unlawful.
 (2) An employer is not bound to indemnify his employee for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed.
 (3) An employer must in all cases indemnify his employee for losses caused by the former's want of ordinary care.