19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jon Lloyd SCHREYER, Plaintiff-Appellant,
v.
CALIFORNIA CONTRACTORS STATE LICENSE BOARD REGISTRAR; David
R. Phillips, Regional Deputy Registrar; Paula Watkins,
Assistant Deputy Registrar; Merle Vandruff, Assistant
Deputy Registrar; Roger Schneider, Assistant Deputy
Registrar; Tom Cavallo, Investigator; Ishmael Moreno, CSR;
Carolina Hernandez; City of Montclair; Larry Rhinehart,
Mayor; Carl Sawtell, Public Works Director; Joan Mitchell,
Public Works Assistant; City of Fontana; William Kragness,
Mayor; Greg Bucknell, Administrative Analyst, II Mike
Sokol, County of Riverside, Riverside Flood Control,
Director David Zappe, Deputy County Counsel, Neal Kipnis,
Contractor, Mladen Grbavac, Project Manager, Tom Pavlich,
Counsel, William Zeutzius, Legislative District 68,
Assemblyman Steve De La Cruz; County of Riverside; David
Zappe; Neal Kipnis, Defendants-Appellees.
 No. 92-55880.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 Memorandum**
 
 
 2
 Jon Lloyd Schreyer appeals pro se the district court's dismissal with prejudice of his pendent state claims and action under 42 U.S.C. Secs. 1983, 1985(3), 1986 against twenty-four defendants (various public officials, local governments, and state agencies) alleging that they violated his constitutional rights under the First, Ninth, and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 Schreyer claims an ownership interest in EMS & Sons, which he asserts was not paid for various goods and services it supplied to Grbavac and Prkacin Construction Company (G & P). G & P was not properly licensed under the laws of California. Among other things, Schreyer contends that the various city and county defendants conspired to award contracts to G & P despite the fact that it was not licensed, and that the Contractors' State License Board personnel failed to enforce the state contractor license laws and retaliated against him for filing a complaint regarding G & P with them.
 
 
 5
 In his original complaint, Schreyer asserted claims under 42 U.S.C. Sec. 1983 for deprivation of his rights under the First, Fifth, and Fourteenth Amendments, and under 42 U.S.C. Sec. 1985. The district court dismissed with prejudice the section 1983 claim under the Fifth Amendment with prejudice and dismissed the remainder of the complaint with leave to amend. In its order, the district court directed Schreyer to be "factually specific" in any amended complaint. Schreyer filed an amended complaint which asserted claims under 42 U.S.C. Secs. 1983, 1985(3), and 1986 and Monell v. New York City Department of Social Services, 436 U.S. 658 (1978). In its order dismissing the amended complaint without prejudice, the district court explained at length the deficiencies of the complaint and warned Schreyer that it would dismiss the action with prejudice if his second amended complaint failed to cure the deficiencies. Schreyer's second amended Complaint repeated the former claims with the addition of pendent claims under Cal.Gov't Code Secs. 815.2, 815.4, and 815.6. Finding that Schreyer still had not cured the deficiencies of his complaint, the district court dismissed the second amended complaint with prejudice for failure to state a claim but denied defendants' request for sanctions against Schreyer.
 
 II
 Dismissal
 
 6
 We review de novo a district court's dismissal pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992), and cert. denied, 113 S.Ct. 600 (1992). Review is based on the contents of the complaint, and allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. at 794. We are obliged to construe pro se pleadings liberally and under a "less stringent standard" than those prepared by counsel. Haines v. Kerner, 404 U.S. 519, 520-21 (1971) (per curiam); Madsen v. Boise State University, 976 F.2d 1219, 1223 (9th Cir.1992).
 
 
 7
 Generally, a dismissal should not be affirmed unless it is clear that the deficiencies in the complaint could not be cured by amendment. Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985). Nevertheless, "if it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts that could be proved," the district court may dismiss the complaint without granting an opportunity to amend. Id. at 653.
 
 
 8
 Having reviewed the contents of Schreyer's second amended complaint, treating the allegations of material fact as true and construing them in the light most favorable to Schreyer, we conclude that Schreyer would not be entitled to relief under any state of facts. Accordingly, we affirm for the reasons given in the district court's order.
 
 
 9
 Appellees City of Montclair, Mayor Larry Rhinehart, Joan Mitchell and Carl Sawtell's motion for sanctions is denied.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Schreyer's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3