24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Dan C. FORE, Plaintiff-Appellant,
v.
Aimee BLACKMER; Andrea Blackmer; Nick Kantaros; Jane Doe
Kantros; Continental Casualty Company, a corporation;
Prudential Property & Casualty Insurance Company, a
corporation; Geico Insurance Companies, a California
corporation; Elizabeth C. Painter, an individual; John A.
Michael, an individual; Gary G. May, an individual;
Kenneth L. Fields, Judge, an individual; David L. Roberts,
Judge, an individual; Mesa Superior Court, State of
Arizona; Eugenia Vasilas, an individual, Defendants-Appellees.
 No. 93-17052.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 16, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dan C. Fore appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action alleging constitutional violations and state tort claims against the judges, attorneys, defendants, and insurers involved in Fore's earlier state court action. Fore brought the earlier action against the defendants and their insurers after he was injured in an automobile accident. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 This court reviews de novo a district court's dismissal for failure to state a claim. Buckey v. County of Los Angeles, 968 F.2d 791, 793-74 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). Our review is limited to the complaint's contents. Id. at 794. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Id.
 
 
 4
 Fore contends that the district court erred by dismissing his complaint under Fed.R.Civ.P. 12(b)(6) on the ground that Arizona Superior Court Judges Roberts and Fields were immune from suit.[1] This contention lacks merit.
 
 
 5
 Judges are immune from civil liability for damages for judicial acts taken within the jurisdiction of their courts. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequence it may have proved to the plaintiff.' " Id. (quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)). Judicial immunity, however, is not absolute. Id. "A judge lacks immunity where he acts in the clear absence of all jurisdiction, or performs an act that is not judicial in nature." Id. (citations and quotations omitted).
 
 
 6
 Here, Fore's complaint alleged that Judges Fields and Roberts violated his Seventh Amendment right to a jury trial[2] and his Fourteenth Amendment due process and equal protection rights. In particular, Fore alleged that Judge Roberts violated his constitutional rights by ruling against Fore on numerous motions, including the defendants' subpoena of Fore's medical records, and by sanctioning Fore for abuse of the legal system. As to Judge Fields, Fore alleged that the judge violated Fore's constitutional rights by denying Fore's pending motions and dismissing Fore's case for abuse of the discovery process. All of the acts Fore alleged Judges Roberts and Fields committed were judicial in nature because they involved functions normally performed by a judge and were part of a judicial proceeding. See id. Moreover, Fore has not alleged that the judges failed to act within the scope of their subject matter jurisdiction. See id.; Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1389 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Thus, Judges Roberts and Fields were entitled to immunity from suit. See Ashelman, 793 F.2d at 1078. Accordingly, the district court did not err by dismissing Fore's action for failure to state a claim on which relief could be granted. See Buckey, 968 F.2d at 793-94.
 
 
 7
 Finally, appellees Roberts, Fields, and the Superior Court of the State of Arizona request attorney's fees on appeal pursuant to 42 U.S.C. Sec. 1988. Under section 1988, this court may award reasonable attorney's fees to the prevailing party in a section 1983 proceeding where the appeal "is 'meritless, in the sense that it is groundless or without foundation.' " See Elks Nat'l Found. v. Weber, 942 F.2d 1480, 1485 (9th Cir.1991) (quoting Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 202 (9th Cir.), cert. denied, 490 U.S. 1081 (1989)), cert. denied, 112 S.Ct. 2995 (1992). Accordingly, we grant this request for reasonable attorney's fees on appeal. See id.; see also 9th Cir.R. 39-1.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In dismissing Fore's action, the district court granted numerous defendants' motions to dismiss on various grounds. In his opening brief, however, Fore solely challenges the district court's dismissal of defendants Roberts and Fields on immunity grounds. To the extent Fore contends in his reply brief that the district court erred by dismissing his complaint without leave to amend, our review of the record indicates that the deficiencies of Fore's complaint could not be cured by amendment, and thus, the district court did not err by not granting leave to amend. See Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir.1991). Moreover, issues raised for the first time in a reply brief generally are deemed waived on appeal. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1547-48 (9th Cir.1988)
 
 
 [2]
 We note that although the Seventh Amendment supports the right to a jury trial, a trial by jury is not constitutionally required in a civil proceeding in state court. See Alexander v. Virginia, 413 U.S. 836, 836 (1973) (per curiam)