42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul GULBENKIAN, Plaintiff-Appellant,
v.
T.Y. LIN INTERNATIONAL, Defendant-Appellee.
 No. 93-17247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 22, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Gulbenkian appeals pro se the district court's dismissal of his action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Gulbenkian alleged that defendant denied him employment, violating the Americans with Disabilities Act, 42 U.S.C. Sec. 12101 et seq. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992), and affirm.
 
 
 3
 Our review is limited to the complaint's contents, taking the allegations of material facts as true and construing them in the light most favorable to the non-moving party. Id. In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). We may affirm the district court on any ground supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993).
 
 
 4
 Gulbenkian's complaint alleged that defendant denied him a position as a project engineer despite his qualifications and that defendant knew of his mental illness disability.
 
 
 5
 Our review indicates the district court did not err by dismissing Gulbenkian's complaint. We previously affirmed the district court's dismissal of Gulbenkian's prior employment discrimination action against this defendant. Gulbenkian v. T.Y. Lin, Int'l., No. 91-16766 (9th Cir.1992). It is apparent that Gulbenkian cannot establish that he is a disabled person "otherwise qualified" for the position of project engineer. See Buckingham v. United States, 998 F.2d 735, 739-40 (9th Cir.1993) (an "otherwise qualified handicapped" individual is a handicapped person who can perform the essential functions of his job, with or without reasonable accommodation, without endangering the health and safety of the individual or others). Thus, the district court did not err by dismissing Gulbenkian's complaint. See id. ; Buckey, 968 F.2d at 794.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of Gulbenkian's practice of filing frivolous papers, we will not entertain a petition for rehearing in this action. Cf. Demos v. United States Dist. Court for the E. Dist. of Wash., 925 F.2d 1160, 1161 (9th Cir.) ("[t]his court has the inherent power to restrict a litigant's ability to commence abusive litigation in forma pauperis"), cert. denied, 498 U.S. 1123 (1991); Viser v. Supreme Court of Calif., 919 F.2d 113 (9th Cir.1989). The mandate will issue forthwith