Carole McKENZIE, Individually and as Prochein Ami for Kathryn McKenzie, a minor; and Roger McKenzie, Plaintiffs,

v.

HAWAII PERMANENTE MEDICAL GROUP, INC.; Kaiser Foundation Health Plan, Inc.; Jerry I. Wilson, Defendants.

Civil No. 98–00726 DAE.

United States District Court, D. Hawaii.

Dec. 4, 1998.

L. Richard Fried, Jr., Cronin Fried Sekiya Kekina & Fairbanks, Honolulu, HI, for Car-

ole McKenzie, Kathryn McKenzie and Roger McKenzie.

Lynn B.K. Costales, Reinwald O'Connor Marrack Hoskins & Playdon, Honolulu, HI, George W. Playdon, Jr., Kelvin H. Kaneshiro, Reinwald O'Connor & Playdon, Honolulu, HI, for Hawaii Permanente Medical Group, Inc. and Kaiser Foundation Health Plan, Inc.

Kathy K. Higham, Honolulu, HI, for Jerry I. Wilson.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT AND CROSS-CLAIM

DAVID ALAN EZRA, District Judge.

The court heard Defendants' Motions on November 30, 1998. L. Richard Fried, Esq., appeared at the hearing on behalf of Plaintiffs; George W. Playdon, Jr., Esq., appeared at the hearing on behalf of Defendants Hawaii Permanente Medical Group, Inc. and Kaiser Foundation Health Plan, Inc.; Kathy K. Higham, Esq., appeared at the hearing on behalf of co-Defendant Jerry I. Wilson. After reviewing Defendants' Motions and the supporting and opposing memoranda, the court hereby DENIES Defendants' Motions to Dismiss the Complaint and Cross-Claim.

### BACKGROUND

This case arises out of the alleged negligence of Hawaii Permanente Medical Group, Inc. ("HPMG") and Kaiser Foundation Health Plan, Inc. ("Kaiser"; together, "Defendants") in administering a prescription to co-Defendant Jerry I. Wilson ("Wilson"). Plaintiffs and Wilson allege that Defendants prescribed to Wilson medication that made him unfit to operate a motor vehicle. On August 8, 1997, Wilson allegedly had a "syncopal (fainting) episode" while driving his car on Bishop Street, in Honolulu, Hawaii. According to Plaintiffs, Wilson lost consciousness and struck Plaintiff Kathryn McKenzie ("Kathryn") as she walked on the sidewalk. As a result of the accident, Kathryn allegedly suffered severe, permanent injuries. The Complaint and Wilson's Cross-Claim allege that the Defendants' negligence was the proximate cause of the accident. Together, the Complaint and Cross-Claim seek damages and/or contribution for negligence, strict liability and medical malpractice.

### STANDARD OF REVIEW

A motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). For the purposes of a 12(b)(6) motion, "[r]eview is limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir.1994).

A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir.1992) (quoting *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1989)) (further citations omitted). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Id.*

### DISCUSSION

Defendants move to dismiss the Complaint and the Cross-Claim on the grounds that Plaintiffs and Wilson have failed to first proceed through a medical claim conciliation panel hearing (the "MCCP requirement") before bringing the instant action in this court. Plaintiffs and Wilson respond that the MCCP requirement is procedural in nature, and does not preclude malpractice actions brought in federal court on the basis of diversity jurisdiction.

H.R.S. § 671–12 provides:

Effective July 1, 1976, any person or the person's representative claiming that a medical tort has been committed shall submit a statement of the claim to the medical claim conciliation panel before a suit based on the claim may be commenced in any court of this State.

Haw.Rev.Stat. § 671–12(a) (1988). Thus, before bringing a claim for damages resulting from a medical tort in "any court of this State," a party must first seek redress through the medical claim conciliation panel.

In 1995, this court analyzed the application of the MCCP requirement in federal diversity cases. *Hum v. Dericks*, 162 F.R.D. 628 (D.Haw.1995). There, the court stated unequivocally that the MCCP requirement was procedural, rather than substantive, and thus

did not apply to diversity cases in federal court: "The court concludes that Hawaii's MCCP requirement is procedural and does not apply to preclude malpractice actions brought in federal court on the basis of diversity jurisdiction." *Hum,* 162 F.R.D. at 637. Thus, the *Hum* decision concluded that plaintiffs seeking damages in federal court on the basis of diversity jurisdiction need not comply with the MCCP requirement before filing an action in federal court.

The Defendants attempt to distinguish *Hum* and contend that its holding should not control in this case. They argue that *Hum* was limited to procedural issues regarding certification as a class action, and there are no equivalent procedural questions at issue here. Thus, Defendants conclude, this court must apply § 671–12 as it would be applied by a court of the State of Hawaii, because it reflects the policies underlying substantive Hawaii state law.

Defendants' argument is unpersuasive. The *Hum* decision did not limit the application of the rule to fact patterns that were predominantly procedural in nature. The *Hum* holding stood for the proposition that "Hawaii's MCCP requirement is procedural and does not apply to preclude malpractice actions brought in federal court on the basis of diversity jurisdiction." *Hum,* 162 F.R.D. at 637. This court's holding did not rest on the particular facts of that case. Rather, after careful analysis, the court concluded that generally, the MCCP requirement does not materially affect the outcome of a state proceeding and should thus not be viewed as a substantive aspect of Hawaii law: "While in Hawaii state courts the MCCP procedure is a prerequisite to suit, it does not determine the outcome of a lawsuit in state court." *Hum,* 162 F.R.D. at 636. Thus, *Hum* stands for the general proposition that the MCCP requirement is procedural, not substantive, and thus does not violate "the core policy of Erie ... that plaintiff should not be able to choose a different outcome for a lawsuit by filing in federal court rather than state court." *Hum,* 162 F.R.D. at 635 (quoting *Olympic Sports Prods. v. Universal Athletic Sales Co.,* 760 F.2d 910, 913 (9th Cir.1985)).

Despite the clear holding in *Hum,* Defendants argue that the court must apply the MCCP requirement in the state of Hawaii

because "for purposes of diversity jurisdiction a federal court is in effect, only another court of the State." *Woods v. Interstate Realty Co.,* 337 U.S. 535, 538, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949) (internal citations and quotation marks omitted). Defendants analogize the instant case to the Supreme Court's holding in *Woods,* and contend that *Woods* compels the court to apply the state's MCCP requirement. In *Woods,* a Tennessee corporation sued a Mississippi resident in Mississippi District Court for breach of contract. The district court held that plaintiff was barred from bringing its action in federal court, because it had failed to comply with a state statute requiring that a foreign corporation doing business in the state designate an agent for service of process in order to bring an action in any court in the state. The court of appeals reversed, but the Supreme Court reversed the court of appeals and reinstated the district court's decision. In its holding, the Supreme Court explained that plaintiff could not sue in Mississippi state court, and it would thus be a violation of the principals underlying *Erie* to allow the same cause of action to be brought in federal court, simply to avoid the bar to suit that existed in state court.

Two considerations make Defendants' reliance on Woods inapplicable in this case. First, the continuing vitality of *Woods* has been questioned. *See Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1227 (9th Cir.1989) (citing *Iowa Mutual Ins. Co. v. LaPlante,* 480 U.S. 9, 19–20, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987)) (noting that "the vitality of the reasoning set forth in ... *Woods* ... is now dubious in light of the Supreme Court's holding in *Iowa Mutual Ins. Co. v. LaPlante"*). The Ninth Circuit relied on *Iowa Mutual* to conclude that "a federal court may have diversity jurisdiction ... even if the state courts would not have jurisdiction." 873 F.2d at 1227.

Moreover, the instant case is not analogous to *Woods.* In *Woods,* the plaintiff was actually barred from bringing the claim in state court altogether. Thus, allowing the plaintiff to bring the claim in federal court would permit it to bring a claim that was precluded

from state court. The *Woods* Court explained:

> [W]here one is barred from recovery in the state court, he should likewise be barred in the federal court. The contrary result would create discriminations against citizens of the State in favor of those authorized to invoke the diversity jurisdiction of the federal courts. It was that element of discrimination that *Erie R. Co. v. Tompkins* was designed to eliminate.

337 U.S. at 538, 69 S.Ct. 1235. Thus, the important principal reflected in *Woods* is that a party may not bring a suit in federal court if it is barred from bringing the same claim in state court. That is not the situation here. The MCCP requirement simply imposes on Plaintiffs the duty to file a claim for medical malpractice with the MCCP before bringing an action in state court. The state action for malpractice is thus not barred by the MCCP requirement; at most, it is delayed pending resolution by the MCCP. Thus, a finding that the MCCP requirement is inapplicable to claims brought in federal court does not provide Plaintiffs with a claim that would otherwise not exist in state court. Rather, it specifies a different procedure for the resolution of Plaintiff's claims. Thus, to the extent that *Woods* is still good law, its facts are inapplicable to the present case.

This holding is consistent with the conclusion in *Hum* that the MCCP requirement is procedural and not substantive, because it does not "materially [affect] the character or result of a litigation." *Hum,* 162 F.R.D. at 635. There, this court explained that the requirement "does not affect the merits of the parties' positions under state law, and ... imposes no additional method for parties in state court to have their cases conclusively adjudicated." 162 F.R.D. at 637. In both *Hum* and the instant case, the MCCP requirement has the effect of specifying the process by which a claim may be brought in state court. Evidence gathered for the MCCP is inadmissible in subsequent litigation, and the requirement does not alter the available remedies nor preclude any subsequent action. Accordingly, the requirement has no impact on the ultimate outcome of the litigation.

The court therefore concludes that the MCCP requirement is procedural rather than substantive, and does not apply to cases filed in federal court on the basis of diversity jurisdiction. Accordingly, Defendants' Motions to Dismiss the Complaint and the Cross–Claim are DENIED.

### CONCLUSION

For the reasons stated above, the court DENIES Defendants' Motions to Dismiss the Complaint and the Cross–Claim.

IT IS SO ORDERED.