19 F.3d 1440
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy Earl HURST, Plaintiff-Appellant,
v.
UNIVERSITY OF WASHINGTON; William P. Gerberding; Simon
Ottenberg; Hulme Siwandhla; Stephen J. Majeski;
et al., Defendants-Appellees.
 No. 93-35322.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 1, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sammy Earl Hurst appeals pro se the district court's dismissal of his action against the University of Washington and several of its instructors (collectively "defendants"). Hurst alleged that the defendants conspired to give him lower grades than he was entitled to in a number of university courses "because of his race, age, and/or handicap." Hurst sought an injunction requiring the defendants to regrade his academic work and an award of $10.5 million in damages. The district court dismissed the action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim and alternatively under Rule 41(b) for failure to comply with the court's order to properly amend the complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We hold that dismissal for failure to state a claim under Rule 12(b)(6) was proper and affirm on that ground alone.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Oscar v. University Students Co-operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 599 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599 (1992). Moreover, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally to afford the plaintiff the benefit of any doubt. Bretz v. Kelman, 773 F.2d 1926, 1027 n. 1 (9th Cir.1985) (en banc). Before dismissal, the court also must provide a pro se litigant with some notice of the deficiencies in the complaint and an opportunity to amend the complaint. See Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir.1987); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). A dismissal should not be upheld unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Buckey, 968 F.2d at 794.
 
 
 4
 Here, the district court initially dismissed Hurst's complaint as frivolous under 28 U.S.C. Sec. 1915(d). Hurst appealed that dismissal and this court reversed and remanded holding that the district court erred by dismissing the complaint without giving Hurst notice of the deficiencies in his complaint and an opportunity to amend it.[1] We also held that (1) Hurst's claims that he received lower grades because of his age, race, or handicap had an arguable basis in law and Hurst could provide facts to support this claim in an amended complaint, and (2) although his claim for damages against the defendants in their official capacities was barred by the Eleventh Amendment, Hurst could amend his complaint to state a claim against the defendants in their individual capacities. Our decision clearly explained the deficiencies in Hurst's complaint and we do not restate them here.
 
 
 5
 On remand, the district court instructed Hurst to file an amended complaint curing the deficiencies noted by this court. In response, Hurst filed a second amended complaint with no substantive changes from his prior complaints other than an increase in the amount of damages sought from $10.5 million to $26.5 million. In view of the clear instructions given Hurst regarding necessary amendments to his complaint, and his obvious refusal to follow those instructions, we find no error in the district court's dismissal of Hurst's action under Rule 12(b)(6). See Buckey, 968 F.2d at 794.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hurst's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also remanded for further proceedings on Hurst's motion to recuse the district court judge. Hurst does not challenge the denial of that motion in the present appeal