37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leonard SHERMAN, Plaintiff-Appellant,
v.
Joan D. BERLIN, d/b/a JDB Properties; California Workers'
Appeal Board; Casey Young, Dr., California Division of
Workers' Compensation; Division of Workers' Compensation,
Casey Young, Director; Workers' Compensation Appeals Board,
Defendants-Appellees.
 No. 94-55441.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 6, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leonard Sherman appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action. Sherman contends that the defendants violated his civil rights during proceedings before the California Workers' Compensation Appeals Board ("WCAB"). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Sherman's amended complaint alleged that he had been employed by defendant Joan D. Berlin and had suffered a stress-related job injury which a workers' compensation judge found compensable. Sherman also filed a workers' compensation claim alleging that Berlin terminated Sherman from his employment because he filed the first workers' compensation claim. The workers' compensation judge found that Sherman's employment with Berlin terminated before he filed his first claim, and that his termination was not discriminatory. Sherman appealed to the WCAB, which upheld the findings of the workers' compensation judge. Sherman's appeal to the California Court of Appeal also was denied.
 
 
 4
 Sherman then filed this action in the federal district court, alleging that his constitutional rights had been violated. The district court dismissed the complaint, concluding that (1) Berlin was not a state actor subject to suit under section 1983; (2) the WCAB and its employees were immune from suit under the Eleventh Amendment; and (3) the court lacked jurisdiction to review the final decision of a state civil court. Sherman timely appeals.
 
 
 5
 Sherman contends that the district court erred by granting the defendants' motions to dismiss under Fed.R.Civ.P. 12(b)(1) and (6). A Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted is reviewed de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). Review is limited to the complaint's contents, taking the allegations of material facts as true and construing them in the light most favorable to the non-moving party. Id. The existence of subject-matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992).
 
 
 6
 To establish a violation of section 1983, the plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Id. at 623. Conclusory allegations, unsupported by facts, are insufficient to support a claim under section 1983. See Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir.1984). The plaintiff must allege with at least some degree of particularity overt acts by defendants that support the plaintiff's claim. Id.
 
 
 7
 * State Actor
 
 
 8
 Sherman first contends that Berlin violated his constitutional rights by providing false evidence to the workers' compensation judge, which denied Sherman a fair hearing and resulted in judgment against him. This contention lacks merit.
 
 
 9
 Sherman has failed to establish federal jurisdiction over Berlin for alleged violations of his civil rights under section 1983 because "private parties are not generally acting under color of state law." Price v. State of Haw., 939 F.2d 702, 707-08 (9th Cir.1991); cert. denied, 112 S.Ct. 1480 (1992). Our review of the pleadings indicates that Sherman's conclusory allegations "are insufficient to state a claim under the Civil Rights Act." Jones, 733 F.2d at 649. Sherman's complaint fails to allege that Berlin's actions "were in any way imposed by the State or that [she] exercised some right granted by the State, except to the extent that [she] sought state court approval." Price, 939 F.2d at 708. "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Dennis v. Sparks, 449 U.S. 24, 28 (1980); see also Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) ("without a limit [on who qualifies as a state actor], private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them").
 
 II
 Eleventh Amendment
 
 10
 Sherman contends that the district court erred by concluding that the Eleventh Amendment barred his action against the WCAB and its employees. This contention lacks merit.
 
 
 11
 The Eleventh Amendment generally bars actions in federal court against states or state agencies. See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir.1991), cert. denied, 112 S.Ct. 1478 (1992). Here, Sherman's amended complaint sought damages from a state agency, the WCAB, and its director, Casey Young, based on the denial of Sherman's second workers' compensation claim. Accordingly, the district court properly dismissed the WCAB and Young. See id.
 
 III
 Subject-Matter Jurisdiction
 
 12
 Finally, Sherman contends that the district court erred by concluding it lacked subject-matter jurisdiction because Sherman's action was an attempt to appeal a state court judgment in federal court. This contention lacks merit.
 
 
 13
 Federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). The United States Supreme Court has exclusive jurisdiction to review state appellate decisions. Feldman, 460 U.S. at 486; see also 28 U.S.C. Sec. 1257. This rule applies even when the state court judgment remains subject to appeal before the highest state court, see Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir.1986), and when the challenge to the state court's actions involves federal constitutional issues. Feldman, 460 U.S. at 484-86; McNair, 805 F.2d at 892-93.
 
 
 14
 Here, Sherman maintains that his federal action is not a disguised appeal, but raises separate claims regarding whether Berlin breached stipulated agreements and abused employees. Our review of the record, however, indicates that the allegations in Sherman's complaint are inextricably intertwined with the WCAB's legal determination that Berlin's termination of Sherman was not a retaliatory discharge, and that Sherman was not entitled to compensation for the discharge. Because resolution of Sherman's current claims would require a review of the merits of the WCAB's and the state court's decision, the district court did not err by concluding that it lacked subject-matter jurisdiction over the claims. Feldman, 460 U.S. at 484-86; McNair, 805 F.2d at 892-93.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In light of our holding, we need not consider the remaining issues Sherman raises on appeal